**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **ROBERTO MONTES BURGOS,** | § | |
|   **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. 7:17-cv-284** |
| **GREAT LAKES REINSURANCE** | § | |
| **(U.K.) SE, DEMIAN J. KOLB,** | § | |
| **BRUSH COUNTRY CLAIMS, LTD,** | § | |
| **MCCLELLAND AND HINE, INC.,** | § | |
| **AND, SANDRA ZAMORA** | § | |
| **INSURANCE AGENCY, LLC** | § | |
| **Defendants.** | § | |

<u>**NOTICE OF REMOVAL**</u>

Defendant, Great Lakes Insurance SE (formerly known as Great Lakes Reinsurance (UK) SE) ("Great Lakes"), files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

## I.    BACKGROUND

1.    On June 23, 2017, Plaintiff Roberto Montes Burgos ("Plaintiff") filed this action in the County Court at Law No. 4 of Hidalgo County, Texas, bearing Docket Number CL-17-2638-D (the "State Court Action"), against Great Lakes, Demian J. Kolb ("Kolb"), Brush Country Claims, Ltd. ("BCC"), McClelland and Hine, Inc. ("MHI"), and the Sandra Zamora Insurance Agency, LLC (the "Sandra Zamora Agency").   Plaintiff's Original Petition (the "Complaint") is the live pleading in this case.   (A copy of the Complaint is attached hereto in accordance with 28 U.S.C. § 1446(a) as **Exhibit C-2**).

2.    Plaintiff unsuccessfully attempted to serve Great Lakes through the Texas Department of Insurance on or about June 30, 2017.   (*see* **Exhibit C-11**)   Despite having not been served, Great Lakes appeared in the State Court Action on July 24, 2017.   Accordingly, this

Notice of Removal of the State Court Action to the United States District Court is timely filed by Great Lakes, it being filed no more than thirty (30) days after service of Great Lakes, in accordance with 28 U.S.C. §§ 1441 and 1446.

## II.    BASIS FOR REMOVAL: DIVERSITY JURISDICTION

3.    Removal of the State Court Action to this Court is proper pursuant to 28 U.S.C. §§ 1332 and 1441(a) and (b) because: (1) there is complete diversity between Plaintiff and the properly joined defendant, Great Lakes, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

**A.    COMPLETE DIVERSITY EXISTS BETWEEN PLAINTIFF AND THE PROPERLY JOINED DEFENDANT,   GREAT LAKES.**

4.    Plaintiff's State Court Action may be removed to this Court because it arises under 28 U.S.C. § 1332.

5.    Plaintiff alleges in the Complaint that he resides in Hidalgo County, Texas; therefore, he is a citizen of Texas.[1]

6.    Defendant Great Lakes is a foreign non-admitted surplus lines insurer engaged in the business of insurance in the State of Texas, and is incorporated and has its principal place of business in Germany; therefore, Great Lakes is a citizen of Germany.

7.    Thus, there is complete diversity of citizenship between Plaintiff and the only properly joined defendant, Great Lakes.

**B.    KOLB, BCC, AND MHI WERE IMPROPERLY JOINED.**

### *i.    Applicable standard for improper joinder.*

8.    The removing party bears the burden of showing that federal jurisdiction exists

---

[1] *See* Complaint, at ¶1.

and that removal is proper.[2]  Under Section 1441(b), while complete diversity of citizenship must exist between all plaintiffs and all defendants to establish federal subject matter jurisdiction, only the citizenship of *properly* joined parties can establish federal subject matter jurisdiction.[3]  The doctrine of improper joinder "prevents defeat of federal removal jurisdiction premised on diversity jurisdiction by an improperly joined, non-diverse defendant."[4]  Citizenship of an improperly joined defendant is disregarded entirely in determining whether complete diversity exists.[5]  "Normally, a court reviewing allegations of fraudulent joinder should refrain from conducting an evidentiary hearing but may utilize a summary judgment-like procedure."[6]  "A defendant may submit and the court may consider affidavits and deposition transcripts in support of the defendant's removal petition."[7]

9.     Improper joinder is established when the removing party meets the burden of showing either (1) there was actual fraud in pleading the jurisdictional facts; or (2) the plaintiff is unable to establish a cause of action against the non-diverse defendant under state law.[8]  In order to establish the second ground for improper joinder, the removing party bears the burden of proving that there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[9]  "This possibility [of recovery], however, must be reasonable, not merely theoretical."[10]  "[W]hether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiffs' allegations and

---

[2] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[3] *See* 28 U.S.C. § 1441(b); *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004).
[4] *Borden v. Allstate Inc. Co.*, 589 F.3d 168, 171 (5th Cir. 2009).
[5] *Smallwood*, 385 F.3d at 572.
[6] *Delgado v. Shell Oil Co.*, 231 F.3d 165, 179 (5th Cir. 2000) (citing *Burchett v. Cargill*, 48 F.3d 173, 176 (5th Cir. 1995)).
[7] *TAJ Properties, LLC v. GAB Robins North America, Inc.*, 2011 WL 2162321, at *2 (S.D. Tex. 2011) (citing *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990)).
[8] *Smallwood*, 385 F.3d at 572; *Cantor v. Wachovia Mortg., FSB*, 641 F.Supp.2d 602, 606 (N.D. Tex. 2009); *Rodriguez v. Casa Chapa S.A. de C.V.*, 394 F.Supp.2d 901, 905 (W.D. Tex. 2005).
[9] *Smallwood*, 385 F.3d at 572.
[10] *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (emphasis added).

the pleaded theory of recovery."[11]

10.     The Fifth Circuit recently held in *Int'l Energy Ventures Management, L.L.C. v. United Energy Group, Ltd* that federal courts should use the federal court pleading standard when conducting the Rule 12(b)(6)-type analysis of an improper joinder claim to determine if the plaintiff has stated a claim against a non-diverse defendant.[12]   A plaintiff fails to state a claim upon which relief may be granted as required under Fed. R. Civ. P. 12(b)(6) where a plaintiff's factual allegations do not show a right to relief that is plausible and above mere speculation.[13] "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[14] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[15] "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully."[16]

11.     To avoid a dismissal for failure to state a claim, a plaintiff must plead *specific facts*, not mere conclusory allegations.[17]   The "[f]actual allegations must be enough to raise a right to relief above the speculative level."[18] The Court must not accept as true conclusory allegations or unwarranted deductions of fact.[19] The United States Supreme Court has made clear that a plaintiff is obligated to provide "more than labels and conclusions, and a formulaic

---

[11] *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).
[12] *Int'l Energy Ventures Management, L.L.C. v. United Energy Group, Ltd*, 818 F.3d 193, 200 (5th Cir. 2016); *see also Buettner v. USA Gymnastics*, No. 4:16-CV-0157-A, 2016 WL 2918107, at *2 (N.D. Tex. May 18, 2016).
[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).
[14] *Id.*
[15] *Id.* at 678.
[16] *Id.*
[17] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1997)).
[18] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[19] *Collins*, 224 F.3d at 498.

recitation of the elements of a cause of action *will not do*."[20] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice," and something more than "unadorned 'the-defendant-unlawfully-harmed-me accusation' is needed."[21]

> **ii.     There is no reasonable basis for the Court to predict Plaintiff might be able to recover against Kolb, BCC, or MHI; therefore, they were improperly joined.**

12.     Plaintiff sued Kolb, BCC, and MHI, the adjuster and adjusting company assigned to inspect the alleged damage to the property at issue in this case, for alleged violations of the Texas Deceptive Trade Practices Act, Section 541.051 of the Texas Insurance Code, various provisions of Section 541.060 of the Texas Insurance Code, various provisions of Section 541.061 of the Texas Insurance Code, and Chapter 542 of the Texas Insurance Code.  There is no reasonable basis to predict Plaintiff might be able to recover on any of his claims against Kolb, BCC, or MHI.

> **a.     All of Plaintiff's allegations against Kolb, BCC, and MHI fail to meet the heightened Rule 9(b) pleading standard.**

13.     Tracking the statutory language of both the DTPA and numerous provisions of the Texas Insurance Code, Plaintiff alleges Kolb, BCC, and MHI made "statements misrepresenting the terms and/or benefits of the policy", "misrepresent[ed] to Plaintiff a material fact or policy provision relating to coverage at issue", and many other similarly vague allegations.  Plaintiff, however, fails to identify any specific facts regarding "the who, what, when, where, and how"[22] to support these conclusory allegations.  Thus, all of Plaintiff's claims against the in-state defendants, Kolb, BCC, and MHI, fail to meet the heightened Rule 9(b) pleading standard, and, thus, fail to state a claim upon which relief may be granted.

---

[20] *Twombly*, 550 U.S. at 555 (emphasis added).
[21] *Iqbal*, 556 U.S. at 667.
[22] *See Z&W Enterprises*, Case No. 7:16-CV-319 at *10.

14.     Rule 9(b) states "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."[23]  "At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby."[24] As succinctly stated by the Fifth Circuit Court of Appeals, Rule 9(b) requires "the who, what, when, where, and how" of the alleged fraud to be laid out.[25]

15.     Courts have consistently held that Rule 9(b) applies to claims under the Texas Insurance Code and the DTPA.[26]  For example, in *Z&W Enterprises*, the court held the plaintiff's claims against the in-state adjuster defendants under the Texas Insurance Code were "sparse on particulars" and, thus, did not comply with the heightened pleading requirements of Rule 9(b).[27] Specifically, the Court held that "Plaintiff fails to state a claim under Section 541.060(a)(1) against [the in-state adjuster defendants] because Plaintiff fails to allege any specific misrepresentation made by [the in-state adjuster defendants] about a material fact or policy provision relating to coverage under Plaintiff's policy."[28]

16.     Similarly, in *DiNoto v. USAA Cas. Ins. Co.*, the court held the insured's mere tracking of the Texas Insurance Code provisions was insufficient to meet the pleading requirements of Rule 9(b).[29]  The insured in *DiNoto* failed to identify any specific alleged

---

[23] Fed. R. Civ. P. 9(b).
[24] *Benchmark Elec., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003).
[25] *Id.* (citing *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 179 (5th Cir.1997)).
[26] *Id.*
[27] *See Z&W Enterprises*, Case No. 7:16-CV-319 at *10.
[28] *Id.*
[29] *DiNoto v. USAA Cas. Ins. Co.*, No. CIV.A. H-13-2877, 2014 WL 4923975, at *2 (S.D. Tex. Sept. 30, 2014).

misrepresentations that the insurer made to the insured; therefore, the court dismissed the plaintiff's claims.[30]

17.     Again, in *Spring St. Apts Waco, LLC v. Philadelphia Indem. Ins. Co.*, the Western District held that a plaintiff must allege "specific actionable conduct by the adjuster and to distinguish claims against the adjuster from generic, conclusory, statute-tracking claims against the insurer."[31]   The court found that the plaintiff's factual allegations were not pleaded with enough specificity to distinguish particular facts from legal conclusions.[32] Therefore, the court granted the defendants' motion for judgment on the pleadings as the plaintiffs failed to meet the heightened pleading requirement of Rule 9(b) for plaintiff's claims under the Texas Insurance Code and DTPA.[33]

18.     As set forth in the cases cited above, Plaintiff's claims against Kolb, BCC, and MHI under the Texas Insurance Code and DTPA are all subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).[34]   Plaintiff's conclusory allegations fail to meet this heightened pleading standard and must be dismissed.   Plaintiff fails to set forth *any* facts regarding "the who, what, when, where, and how" of its claims that Kolb, BCC, and MHI violated the Texas Insurance Code or the DTPA beyond its conclusory statements that only track the statutory provisions.   Federal courts in Texas have consistently held that "mere tracking of the vague language of the statutes fail to state a reasonable basis for predicting that the Texas

---

[30] *Id.*
[31] *Spring St. Apts Waco, LLC v. Philadelphia Indem. Ins. Co.*, W-16-CA-00315-JCM, 2017 WL 1289036, at *4 (W.D. Tex. Apr. 6, 2017).
[32] *Id.*
[33] *Id.* at *15 ("A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6).").
[34] *Id.* (applying Rule 9(b) to DTPA and Texas Insurance Code claims) (citing *Dalton v. State Farm Lloyd's, Inc.*, 2013 WL 3157532 (S.D. Tex. 2013); *Frith v. Guardian Life Ins. Co. of America*, 9 F.Supp.2d 734, 742–43 (S.D. Tex. 1998)); *Berry v. Indianapolis Life Ins. Co.*, 608 F. Supp. 2d 785, 800 (N.D. Tex. 2009) (citing *Patel v. Holiday Hospitality Franchising, Inc.*, 172 F.Supp.2d 821, 824–25 (N.D. Tex. 2001) ("It is well-established that claims alleging violations of the DTPA are subject to the requirements of Rule 9(b).").

Insurance Code would allow recovery against the in-state adjuster."[35]  Besides making general allegations that "Defendants" failed to adequately investigate Plaintiff's claim and prepare an estimate that met with Plaintiff's approval, Plaintiff makes no factual allegations, beyond conclusory assertions tracking the statutory language regarding *any* alleged wrongdoing or misrepresentations by Kolb, BCC, or MHI.  These bare-bones, form pleadings that merely track the vague language of various provisions of the Insurance Code and the DTPA do not meet the heightened standard set forth in Rule 9(b).  Therefore, there is no reasonable basis for the Court to predict Plaintiff might be able to recover against Kolb, BCC, or MHI on any of these claims; therefore, they were improperly joined .

> **b.  Plaintiff fails to state a claim against Kolb, BCC, and MHI for allegedly violating Chapter 542 of the Texas Insurance Code.**

19.     The Prompt Payment of Claims Act under Chapter 542 of the Texas Insurance Code specifically limits recovery for violations of this section to <u>insurers</u>.[36]  As Plaintiff states throughout his Complaint, BCC is an independent adjusting company, Kolb is an adjuster, and MHI is an "agency" or "adjusting company" assigned to inspect the property.  Plaintiff has not and cannot allege any of these defendants are insurers.  Because they are not insurers, they cannot be liable for alleged violations of Chapter 542.[37]  Therefore, there is no reasonable basis to believe that the Plaintiff will be able to recover on this claim.[38]

> **c.  Plaintiff's DTPA claim against Kolb, BCC, and MHI fails because Plaintiff is not a "consumer."**

---

[35] *TAJ Properties, LLC v. GAB Robins North America, Inc.*, 2011 WL 2162321, at *2 (S.D. Tex. 2011) (holding the plaintiffs' mere tracking of the vague language of the statutes fail to state a reasonable basis for predicting that the Texas Insurance Code would allow recovery against the in-state adjuster).

[36] Tex. Ins. Code § 542.060(a).

[37] *Messersmith*, 10 F. Supp. 3d at 723–24 ("[T]he Prompt Payment of Claims Act applies only to insurers. *See* Tex. Ins. Code § 542.060(a) (limiting the relevant law to insurers). [The adjuster] is not an insurer so she cannot be held liable under it.").

[38] *See id.*

20.     Only a "consumer" can maintain a cause of action directly under the DTPA.[39]  A "consumer" is defined as one "who seeks or acquires by purchase or lease, any goods or services."[40]  Plaintiff has not and cannot allege Kolb, BCC, or MHI sold or provided any goods or services to Plaintiff or made any representations in an attempt to sell or provide any goods or services to Plaintiff.  As Plaintiff admits in his Complaint, Great Lakes was the party who provided the insurance coverage at issue.  Plaintiff has not and cannot allege Kolb, BCC, or MHI has a contractual relationship with Plaintiff, and Plaintiff has not and cannot allege Kolb, BCC, or MHI engaged in any attempt to sell goods or services to Plaintiff.[41]  For these reasons, there is no reasonable basis to predict that Plaintiff might be able to recover against Kolb, BCC, or MHI under the DTPA.

### d.     Plaintiff makes no attempt to provide any factual support demonstrating any actionable conduct specifically against MHI.

21.     On the face of the Complaint, there is no reasonable basis for predicting state law might impose liability on MHI.[42]  Plaintiff has alleged absolutely no facts demonstrating actionable conduct against MHI.[43]  Indeed, the *only* allegations in the entire Complaint that even specifically reference MHI by name, independent of the other defendants, merely provide service instructions.[44]  Because Plaintiff makes no attempt to provide any factual support demonstrating any actionable conduct specifically against MHI, there is no reasonable possibility of recovery against MHI, and MHI has been improperly joined.

---

[39] *Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 386 (Tex. 2000) (citing Tex. Bus. & Com. Code § 17.50(a); *Melody Home Mfg. Co. v. Barnes*, 741 S.W.2d 349, 351 (Tex. 1987)).
[40] *Id.* (citing Tex. Bus. & Com. Code § 17.45(4)).
[41] *See Z&W Enterprises*, Case No. 7:16-CV-319 (S.D. Tex. Aug. 12, 2016) Opinion & Order Denying Plaintiff's Motion to Remand and Dismissing Littleton and House, *8 (holding the plaintiff's DTPA claim against Littleton and House failed to state a claim because the plaintiff failed "to allege that Littleton and House's alleged violations were in connection with the purchase or lease of any goods or services, and that the violations were a producing cause of the plaintiff's injuries, as required under Texas law.").
[42] *See Ross v. Citifinancial, Inc.*, 344 F.3d 458, 461 (5th Cir. 2003).
[43] *See Jimenez v. Travelers Indem. Co.*, 2010 WL 1257802, at *2 (S.D. Tex. March 25, 2010).
[44] *See* Complaint, ¶4.

**Federal Notice of Removal**                                        **Page 9 of 28**

22.    Further, Plaintiff brings causes of action and proffers allegations against "Defendants" or "McClelland and Hine, Inc., Demian J. Kolb and Brush Country Claims, Ltd." collectively, making no distinction as to which, if any, of the allegations related to MHI.  There is no way for MHI to discern from the Complaint which, if any, of Plaintiff's claim and allegations are being asserted against it distinctly.

23.    The Complaint provides absolutely no notice of the facts upon which Plaintiff's claims against MHI are based as distinguished from the remaining defendants.  Indeed, the Complaint is similar to the "form" petition held to be deficient by the Southern District in *TAJ Properties, LLC v. GAB Robins North America, Inc.*[45]  In *TAJ Properties, LLC*, the Court determined the plaintiff's failure to distinguish the conduct of an in-state defendant from that of the other defendants and the plaintiff's "mere tracking of the vague language of the statutes fails to state a reasonable basis for predicting that the Texas Insurance Code would allow recovery against the in-state adjuster."[46]

24.    Similarly, in *Hay v. American Western Home Insurance Company*, the Southern District held an in-state defendant was improperly joined where the plaintiff "fail[ed] to distinguish the alleged conduct of [the in-state defendant] from the conduct of the [diverse defendant]."[47]  The Southern District further stated: "[a]s Plaintiff's counsel is well aware, this practice of lumping diverse and non-diverse defendants together without distinguishing the basis for individual responsibility has been found insufficient on numerous occasions by the Fifth Circuit, this Court, and sister courts in this district."[48]  For these same reasons, MHI has been

---

[45] H-10-4134, 2001 WL 2162321, at *5 (S.D. Tex. June 2, 2011).
[46] *Id.*
[47] No. 7:14-CV-522 (S.D. Tex. 2014).
[48] No. 7:14-CV-522 (S.D. Tex. 2014) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999); *Gayton et al v. Great Lakes Reinsurance (UK) PLC et al*, No.7:14-CV-229 (S.D. Tex. July 3, 2014); *Castlebrook at Ridgeview Homeowners Ass'n v. Starr Surplus Lines Ins. Co.*, No. 4:12CV652, 2013 WL 949860, at *4 (E.D. Tex. Jan. 30, 2013); *TAJ Properties, LLC v. GAB Robins N. Am., Inc.*, No. CIV.A. H-10-4134, 2011 WL 2162321, at *4-

improperly joined as a defendant in this action solely in an attempt to defeat diversity jurisdiction, and MHI's citizenship can and should be disregarded.[49]

e.  **Plaintiff fails to state a claim against Kolb or BCC for allegedly violating Section 541.060(a)(1) of the Texas Insurance Code.**

25.   Tracking the language of Section 541.060(a)(1) of the Texas Insurance Code, Plaintiff alleges Kolb and BCC "misrepresent[ed] to Plaintiff a material fact or policy provision relating to coverage at issue."  There is no reasonable basis to predict that Plaintiff can recover on his claim that Kolb and BCC violated Section 541.060(a)(1) because all of Plaintiff's allegations regarding Kolb and BCC relate to their inspection of the Property, not details of the policy or coverage at issue.

26.   Section 541.060(a)(1) prohibits "misrepresenting to a claimant a material fact or policy provision relating to coverage at issue."[50]  Judge Crane in the Southern District of Texas recently held in *Hay* that an in-state adjuster was improperly joined and the plaintiff failed to state a claim against the in-state adjuster under this provision.  The plaintiff in *Hay* alleged the in-state adjuster violated Section 541.060(a)(1) by "misrepresenting one or more material facts and/or policy provisions relating to coverage."[51]  The Court held "[t]he misrepresentation must be about the details of a policy, not the facts giving rise to a claim for coverage"[52]  "[A]ctions or omissions by an adjuster in making an inspection are not within the scope of § 541.060(a)(1) because they do not relate to the coverage at issue."[53]  The Court in *Hay* held the plaintiff failed to state a claim under Section 541.060(a)(1) because "aside from her conclusory assertion that he

---

5 (S.D. Tex. June 2, 2011)).
[49] *Smallwood*, 385 F.3d at 576.
[50] Tex. Ins. Code § 541.060(a)(1).
[51] *Id.*
[52] *Hay v. Great Lakes Reinsurance (UK) SE, et al*, Case No. 7:16-cv-00235 (S.D. Tex. Aug. 4, 2016), Order Denying Plaintiff's Motion to Remand and Denying as Moot Defendant's Motion to Dismiss, at *7.
[53] *Id.*

violated this provision—Ms. Hay fails to allege that [the adjuster] made any misrepresentation about the details of the policy at issue."[54]

27.     Similarly, in *Messersmith v. Nationwide Mut. Fire Ins. Co.*, the Northern District stated that a misrepresentation under this section "must be about the details of a policy, not the facts giving rise to a claim for coverage."[55]  "[The adjuster] would have had to represent that [the insured] would receive a particular kind of policy that it did not receive or denied coverage against a loss under specific circumstances that it previously had represented would be covered."[56]  In *Messersmith*, the plaintiff alleged the adjuster claimed "there was no damage to [the insured's] roof when in fact there was damage" and "that the damage was only cosmetic in nature when in fact there was leaking resulting from the damage."[57]  The Northern District found these allegations did not give rise to a claim against the defendant adjuster because they were not about the breadth or existence of coverage.  Instead the allegations were about the facts that gave rise to a claim under the policy.[58]

28.     Further, several federal courts have held, "even though an adjuster is a 'person' under the Insurance Code, an adjuster cannot be held liable for violation of the [Texas Insurance] Code unless he causes an injury distinguishable from the insured's actions."[59]  "In other words, the adjuster must have committed some act prohibited by the statute, not just be connected to an insurance company's denial of coverage."[60]  Further, "post loss statements regarding coverage

---

[54] *Id.*
[55] *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721 (N.D. Tex. 2014).
[56] *Id.* at 724 (quoting *U.S. Fire Ins. Co. v. Confederate Air Force*, 16 F.3d 88, 91 (5th Cir. 1994) (citing *Parkins v. Tex. Farmers Ins. Co.*, 645 S.W.2d 775, 776–77 (Tex. 1983))).
[57] *Id.* at 724 (quotation marks removed).
[58] *Id.*
[59] *Aguilar v. State Farm Lloyds*, No. 4:15-CV-565-A, 2015 WL 5714654, at *3 (N.D. Tex. Sept. 28, 2015) (citing *Nasti v. State Farm Lloyds*, No. 4:13–CV–1413, 2014 WL 710458, at *3 (S.D. Tex. Feb. 19, 2014); *Novelli v. Allstate Texas Lloyd's*, No. H–11–2690, 2012 WL 949675, at *4–5 (S.D. Tex. Mar. 19, 2012)).
[60] *Id.* (citing *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F.Supp.3d 721, 724 (N.D. Tex.2014)).

<u>are not misrepresentations under the Insurance Code."[61]</u>

29.     Specifically, the Southern District of Texas has held on numerous occasions that, when an adjuster's actions "can be accomplished by [the insurer] through an agent," the adjuster's actions "are indistinguishable from [the insurer's] actions" and hence are insufficient to support a claim against the adjuster.[62]  For example, in *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, the court held "[s]pecified paragraphs in the petition are directed to [the adjuster], but for the most part they merely track the statutory provisions, alleging only that [the adjuster] inspected the Property and that he submitted an undervalued repair estimate ... These actions can be accomplished by [the insurer] through an agent, and as such, are indistinguishable from [the insurer]'s actions."[63]  Based on this conclusion, the court denied the plaintiffs' motion to remand.[64]  Similarly, in *Atascocita Realty Inc. v. W. Heritage Ins. Co.*, the Southern District dismissed an insured's claims against individual adjusters for conduct undertaken in their capacity as employees and agents of corporate defendants because "such claims are, in essence, claims against the insurer."[65]

30.     The allegations in this case are no different.  Plaintiff alleges Kolb and BCC conducted a substandard inspection of the property and failed to prepare an adequate report of the alleged damage.  On the face of these allegations, Plaintiff has failed to state a claim against Kolb and BCC for violation of Section 54.1060(a)(1).  Just as in the cases cited above, Kolb and BCC's alleged actions are indistinguishable from Great Lakes' alleged actions, and all of Plaintiff's allegations regarding Kolb and BCC relate solely to Kolb's inspection of the property.

---

[61] *Id.* (citing *Texas Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 445–56 (Tex.2012); *One Way Investments, Inc. v. Century Surety Co.*, No. 3:14–CV–2839, 2014 WL 6991277, at *4–5 (N.D. Tex. Dec. 11, 2014)).
[62] *Nasti*, 2014 WL 710458, at *3.
[63] No. H–10–1846, 2011 WL 240335, at *14 (S.D. Tex. Jan.20, 2011).
[64] *Id.*
[65] No. 4:10–CV–4519, 2012 WL 4052914, at *3 (S.D. Tex. Sept 13, 2012).

Beyond merely tracking the language of the Insurance Code, which is insufficient to state a claim upon which relief may be granted, Plaintiff makes no factual allegation that Kolb or BCC made any representations to him regarding provisions of the policy or the breadth and existence of coverage, as is required to state a claim under Section 541.060(a)(1).[66]  Further, Plaintiff has not and cannot allege Kolb or BCC had authority to settle claims or make coverage determinations. Therefore, based on the allegations in the Complaint, there is no reasonable basis to predict Plaintiff can recover against Kolb and BCC for alleged violations of Section 541.060(a)(1).

> **f.**     **Plaintiff fails to state a claim against Kolb and BCC for allegedly violating Sections 541.060(a)(2), (a)(3), (a)(4), and (a)(7) of the Texas Insurance Code.**

31.     Tracking the language of Sections 541.060(a)(2), (a)(3), (a)(4), and (a)(7) of the Texas Insurance Code, Plaintiff alleges Kolb and BCC "fail[e]d to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear," "fail[e]d to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim," "fail[ed] within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff," and "refus[ed] to pay the claim without conducting a reasonable investigation with respect to the claim."

32.     Addressing many of these same allegations under the same Insurance Code provisions, the Court stated in *Hay* that "[e]ach of these violations is based on one common thread of liability: the denial of a valid claim."[67]  The Court further held:

---

[66] *See TAJ Properties, LLC v. GAB Robins North America, Inc.*, 2011 WL 2162321, at *2 (S.D. Tex. 2011) (holding the plaintiffs' its mere tracking of the vague language of the statutes fail to state a reasonable basis for predicting that the Texas Insurance Code would allow recovery against the in-state adjuster).
[67] *Id.* at *8.

Even assuming that an adjuster may be held liable for these provisions, Ms. Hay has pled no facts alleging that, as an adjuster, Mr. Lopez had any authority to settle claims on behalf of Great Lakes.  Nor has Ms. Hay alleged that Mr. Lopez had any control over the timeliness of communications regarding her claim, or that he contributed in some way to a delay in the disposition of her claim. Instead, she merely claims that his investigation was "outcome-oriented," without alleging any facts that would plausibly give rise to any liability against Mr. Lopez under these provisions.[68]

Thus, the Court determined the plaintiff failed to state a claim against the in-state adjuster under Sections 541.060(a)(2), (a)(3), and (a)(4), and the in-state adjuster was improperly joined because the plaintiff failed to allege any facts that the adjuster had any authority to settle claims on behalf of Great Lakes or had any control over the timeliness of communications regarding the claim.[69]

33.     Following this same reasoning, the Southern District, in *Lopez v. United Prop. & Cas. Ins. Co.*, recently held "[t]he majority of federal courts that have addressed [Section 541.060(a)(2)(A)] have found that this section applies only to insurers, and that it does not apply to adjusters" because the adjuster does not have settlement authority on behalf of the insurer.[70] The same reasoning can be applied to a claim under Texas Insurance Code Section 541.060(a)(7) for "refusing to pay a claim without conducting a reasonable investigation with respect to the claim," as adjusters do not have authority to pay a claim on behalf of the insured.  In *Lopez*, the Court also stated that "other federal courts have held that [Sections 541.060(a)(3) and (a)(4)] are

---

[68] *Id.*

[69] *Id.*

[70] *Lopez v. United Prop. & Cas. Ins. Co.*, No. 3:16-CV-0089, 2016 WL 3671115, at *3 (S.D. Tex. July 11, 2016) (citing *Meritt Buffalo Events Ctr., LLC v. Cent. Mut. Ins. Co.*, 3:15–CV–3741–D, 2016 WL 931217, at *4 (N.D. Tex. Mar. 11, 2016) ("Massey and Cagle are both adjusters, and "[a]n adjuster 'cannot be held liable under this section because, as an adjuster, he does not have settlement authority on behalf of the insurer.'") (quoting *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F.Supp.3d 721, 724 (N.D. Tex. 2014)); *Doss v. Warranty Underwriters Ins. Co.*, 04–11–00776–CV, 2012 WL 5874316, at *2 (Tex. App.–San Antonio Nov. 21, 2012, no pet.) (noting that provisions such as § 541.060(a)(2)(A) apply "only to the insurer-insured relationship"); *Richardson E. Baptist Church v. Philadelphia Indem. Ins. Co.*, 05–14–01491–CV, 2016 WL 1242480, at *10 (Tex. App.–Dallas Mar. 30, 2016, no. pet. h.); *but see Roach v. Vehicle*, No. 3:15–CV–3228–G, 2016 WL 795967, at *5 (N.D. Tex. Feb. 29, 2016) (finding adjusters may be liable under § 541.060(a)(2) because "the insurance adjuster, as the person primarily responsible for investigating and evaluating insurance claims, has the ability to affect or bring about the 'prompt, fair, and equitable settlement' of claims, because it is upon his investigation that the insurance company's settlement of a claim is generally based.")).

not applicable to adjusters" because these provisions are "aimed at the timeliness of communications to an insured" and "none of [the insured's] allegations against [the adjuster] assert that she was untimely or slow to act."[71]  "Instead, [the insured] complains that [the adjuster's] investigation was 'substandard.'"[72]  For these reasons, the Court in *Lopez* found the plaintiff had failed to state a claim against the in-state adjuster under Sections 541.060(a)(2)(A), (a)(3), and (a)(4) of the Texas Insurance Code.[73]

34.     Further, regarding Section 541.060(a)(3), the Court in *Mainali Corp. v. Covington Specialty Ins. Co.* held "an adjuster cannot be held liable under § 541.060(a)(3) because an adjuster has no obligation to provide a policyholder a reasonable explanation of the basis in the policy for the insurer's denial of a claim, or offer of a compromise or settlement of a claim."[74]

35.     Regarding section 541.0606(a)(4), the court in *One Way Investments, Inc.* held "an adjuster cannot be held liable under this section because an adjuster does not have authority on behalf of the insurer to affirm or deny coverage of a claim to a policyholder."[75]

36.     In this case, Plaintiff does not and cannot contend that Kolb and BCC had settlement authority on behalf of Great Lakes or that they were untimely or slow to act.  Rather, their sole role was to assess the alleged damage to the property.  This is reflected by the fact that all of the "factual" allegations in Plaintiff's Complaint regarding Kolb and BCC only relate to the inspection of the Property.  Kolb and BCC were under no obligation to provide Plaintiff with

---

[71] *Id.* (citing *Mainali Corp. v. Covington Specialty Ins. Co.*, 3:15–CV–1087–D, 2015 WL 5098047, at *4 (N.D. Tex. Aug. 31, 2015) ("[A]n adjuster cannot be held liable under § 541.060(a)(3) because an adjuster has no obligation to provide a policyholder a reasonable explanation of the basis in the policy for the insurer's denial of a claim, or offer of a compromise settlement of a claim."); *One Way Investments, Inc. v. Century Sur. Co.*, 3:14–CV–2839–D, 2014 WL 6991277, at *5 (N.D. Tex. Dec. 11, 2014) ("[A]n adjuster cannot be held liable under [§ 541.060(a)(4)(A)] because an adjuster does not have authority on behalf of the insurer to affirm or deny coverage of a claim to a policyholder.")).
[72] *Id.*
[73] *Id.*
[74] No. 3:15-CV-1087-D, 2015 WL 5098047, at *4 (N.D. Tex. Aug. 31, 2015)
[75] *Id.*

an explanation for the insurer's decision on the claim at issue.  Additionally, Plaintiff has not and cannot allege BCC or Kolb had authority on behalf of Great Lakes to affirm or deny coverage. Plaintiff failed to state a claim against Kolb and BCC under Sections 541.060(a)(2), (a)(3), (a)(4), and (a)(7) of the Texas Insurance Code, and, thus, Kolb and BCC were improperly joined.

> **g.      Plaintiff's remaining allegations against Kolb and BCC fail to state a claim for relief under the Texas Insurance Code.**

37.     Plaintiff also alleges Kolb and BCC "misrepresent[ed] the scope of damages caused by the covered wind/hail peril…, and misrepresented the true cost of repairing all of the damages caused by the storm, such as damages to the structure, interior architectural finishes, finish out, improvements and betterments, business income and other extra expenses associated with the damage caused by wind/hail storm."   Plaintiff further alleges Kolb and BCC "perform[ed] an incomplete visual inspection of the property, and fail[ed] to inspect all affected areas; [Kolb and BCC] undervalued damages and failed to allow for adequate funds to cover the costs of repairs, and set out to deny properly covered damages."   Lastly, the Plaintiff alleges Kolb and BCC "conducted an outcome-oriented investigation designed to minimize the Plaintiff's claim, and failed to promptly provide the Plaintiff with a reasonable explanation of the basis of the policy in relation to the facts or appealable law, for the claim decision."   These allegations do not state a claim upon which relief may be granted.

38.     Judge Crane recently addressed almost identical allegations in *Hay* and held "[a]s for the allegations that Mr. Lopez ignored damage known to be covered by the Policy and conducted an 'outcome-oriented investigation' in order to provide Great Lakes with a basis of underpaying her claim, [the insured] does not make clear—and the Court cannot identify—any provision of the Code which is violated by such actions."[76]  The Court further held "[e]ven if an

---

[76] *Hay v. Great Lakes Reinsurance (UK) SE, et al*, Case No. 7:16-cv-00235 (S.D. Tex. Aug. 4, 2016), Order

'outcome-oriented investigation' does violate some provision of the Insurance Code, the Court considers that, here too, the underlying allegation is that Great Lakes underpaid [the insured's] claim.  [The insured] has failed to allege any prohibited action taken by [the in-state adjuster] that is distinct from Great Lakes' underpayment."[77]

39.     In *Messersmith*, the United States District Court for Northern District of Texas, Dallas Division, considered allegations that an adjuster and adjusting firm misrepresented the scope of damages caused by the storm at issue, as the Plaintiff does here.[78]  The Court held "[t]he problem with [the insured's] allegations is that the statements do not 'relate[] to coverage at issue.'  The misrepresentation must be about the details of a policy, not the facts giving rise to a claim for coverage.  [The adjuster] would have had to represent that [the insured] 'would receive a particular kind of policy that it did not receive' or 'denied coverage against loss under specific circumstances that it previously represented would be covered.'  Here, the misrepresentation is not about the breadth or existence of coverage, it is about the facts that gave rise to a policy claim."[79]  Thus, the Court held the insured's allegations did not give rise to a claim under the Texas Insurance Code.[80]

40.     For the same reasons, Plaintiff's similar allegations in this case fail to state a claim.  As the Court held in *Hay*, Kolb and BCC's alleged actions do not violate any provision of the Texas Insurance Code.  Additionally, Plaintiff's underlying allegation in this lawsuit is that <u>Great Lakes</u>, not Kolb or BCC, allegedly underpaid Plaintiff's claim.  Plaintiff has failed to allege any prohibited action by Kolb or BCC that is distinct from Great Lakes' alleged

---

Denying Plaintiff's Motion to Remand and Denying as Moot Defendant's Motion to Dismiss, at *8–9.
[77] *Id.* at *9.
[78] *Messersmith*, 10 F.Supp.3d at 724.
[79] *Id*. (citing *U.S. Fire Ins. Co. v. Confederate Air Force*, 16 F.3d 88, 91 (5th Cir. 1994)).
[80] *See id*.

underpayment.

41.    For these reasons, Plaintiff has failed to state a claim upon which relief may be granted against Kolb and BCC under the Insurance Code; therefore, Kolb and BCC were improperly joined.

**C.    THE SANDRA ZAMORA AGENCY WAS MISJOINED.**

*i.    Applicable standard for misjoinder.*

42.    Misjoinder of parties arises when the conditions of permissive joinder under Federal Rule of Civil Procedure 20(a) are not satisfied.[81]   Under Rule 20, parties may be joined in one action as defendants if (a) claims asserted against the defendants arise out of the same transaction, occurrence, or series of transactions or occurrences; and (b) the action involves a question of law or fact common to all defendants.[82]   **"If these [FRCP 20(a) joinder] requirements are not met, joinder is improper even if there is no fraud in the pleadings and the plaintiff does have the ability to recover against each of the defendants."**[83]   The Fifth Circuit has long held that when there is no reasonable basis for a non-diverse defendant's joinder with other defendants, the presence of the non-diverse, misjoined defendant cannot defeat diversity jurisdiction.[84]

43.    To satisfy the same-transaction-or-occurrence requirement, the claims must have arisen from similar factual backgrounds and be logically related.[85]   To satisfy the common-

---

[81] *American Fidelity Fire Ins. Co. v. Construcciones Werl, Inc.*, 407 F.Supp. 164 (D.C. Virgin Islands 1975).
[82] Fed. R. Civ. P. 20(a)(2).
[83] *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006) (emphasis added).
[84] *In re Benjamin Moore & Co.*, 318 F.3d 626, 630-31 (5th Cir. 2002) (recognizing that misjoinder of either defendants or plaintiffs is not permissible to circumvent diversity jurisdiction); *Wells Fargo Bank, N.A. v. Am. Gen. Life Ins.*, 670 F.Supp. 2d 555, 559 (N.D. Tex. 2009) (explaining that a party may not misjoin claims by including a non-diverse party in order to defeat diversity); *see also In re Diet Drugs Prods. Liab. Litig.*, 294 F. Supp. 2d 667, 673 (E.D. Pa. 2003) (party may not prevent removal based on diversity of citizenship if there is no reasonable basis for the joinder of that non-diverse party with the other similarly aligned parties).
[85] *See In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 622 (8th Cir. 2010).

question requirement, all parties must share at least one common question of law or fact.[86]  If a party is misjoined, the court can "drop", i.e., dismiss, the party from the suit or sever the claim against the misjoined party.[87]

> ### ii.    Plaintiff's claim against the Sandra Zamora Agency does not satisfy the permissive-joinder requirements under F.R.C.P. 20(a); therefore, the Sandra Zamora Agency was misjoined and its presence will not defeat diversity.

44.    The Sandra Zamora Agency's presence in this lawsuit does not defeat diversity jurisdiction.  Plaintiff vaguely alleges the Sandra Zamora Agency is liable for "actionable conduct" related to the agency's alleged failure to secure adequate coverage for the subject property.[88]  As an initial matter, Plaintiff's claim for "actionable conduct" fails to state any statutory or common law cause of action upon which relief may be granted; therefore, the Sandra Zamora Agency was improperly joined for this reason alone.  Additionally, the Sandra Zamora Agency was misjoined and its citizenship should be disregarded because (a) Plaintiff's claim against the Sandra Zamora Agency does not arise out of the same transaction, occurrence, or series of transactions or occurrences as Plaintiff's claims against the other defendants; and (b) there are no questions of law or fact common to all defendants.[89]  While failing to meet only one of Rule 20(a)(2)'s requirements establishes misjoinder, the following will demonstrate Plaintiff's failure to meet *both* requirements, which merits a finding of misjoinder.

> ### a.    Plaintiff's claim against the Sandra Zamora Agency does not arise out of the same transaction, occurrence, or series of transactions or occurrences as Plaintiff's other claims against the other defendants.

45.    Plaintiff's claim against the Sandra Zamora Agency does not arise from the same transaction, occurrence, or series of transactions or occurrences as Plaintiffs claims against the

---

[86] *See* Fed. R. Civ. P. 20(a)(2)(B).
[87] *DirecTV, Inc. v. Leto*, 467 F.3d 842, 844 (3d Cir. 2006); see Fed. R. Civ. P. 21.
[88] *See* Plaintiff's Petition, page 8.
[89] *See* Fed. R. Civ. P. 20(a)(2).

remaining defendants, because Plaintiff's claims against Great Lakes, Kolb, BCC, and MHI are premised on an "outcome-oriented," "unreasonable investigation [that] led to the underpayment of Plaintiff's claim" and "inequitable evaluation of Plaintiff's losses on the property."[90]   By contrast, Plaintiff's claim against the Sandra Zamora Agency focuses on whether the agency "failed to use reasonable care in procuring insurance needed to protect the property for replacement cost due to covered perils such as wind and hail storms."[91]   The crucial aspects of Plaintiff's claims against the agency, as compared to Plaintiff's claims against the remaining defendants, are separate and distinct such that they do not arise from the same transaction or occurrence.[92]

46.     The conduct at issue between the distinct claims did not occur at the same time, in the same place, and did not involve the same parties or events.  Notably, Plaintiff secured the subject policy through the Sandra Zamora Agency in September of 2014.  Plaintiff's causes of action against the remaining defendants arise from an investigation that ensued in June of 2015. It is telling that Plaintiff's Petition only references the Sandra Zamora Agency with respect to service instructions and Plaintiff's lone claim against the agency.  Nowhere in the remaining claims does Plaintiff refer to the Sandra Zamora Agency.  Thus, the Sandra Zamora Agency has been misjoined as a defendant in this action, and the Sandra Zamora Agency's non-diverse citizenship can and should be disregarded.

> **b.     Plaintiff's claim against the Sandra Zamora Agency does not involve a single question of law or fact common to the remaining defendants.**

47.     The Plaintiff has brought claims against Great Lakes for breach of contract and the failure to promptly pay his claim in accordance with Chapter 542 of the Texas Insurance

---

[90] *See* Plaintiff's Petition, ¶¶12-13.
[91] *See* Plaintiff's Petition, pages 8-9.
[92] *See Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529 (5th Cir. 2006).

Code.  The Plaintiff has also filed claims against Great Lakes, Kolb, BCC, and MHI for various alleged violations of Chapters 541 and 542 of the Texas Insurance Code.  None of these causes of action involve a question of law or fact common to Plaintiff's "claim" for "actionable conduct" against the Sandra Zamora Agency, as required by Federal Rule of Civil Procedure 20. Under these circumstances, when no common relief is demanded from the defendants, misjoinder is often found to have occurred.[93]  The Sandra Zamora Agency is therefore misjoined.

48.     Plaintiff alleges the Sandra Zamora Agency failed to use reasonable care when procuring insurance necessary to replace his property in the event of a covered loss.[94]  Whether or not the agency in fact exercised reasonable care when securing the subject policy is a question distinct to the Sandra Zamora Agency.  Such a determination has no relation to Plaintiff's various common law and statutory claims against the remaining defendants, which relate solely to their investigation of Plaintiff's property damage claim.  In addition, the facts giving rise to Plaintiff's claim against the agency are not common to the facts giving rise to Plaintiff's claims against the other defendants.  As previously mentioned, the conduct Plaintiff complains of concerning the Sandra Zamora Agency occurred well-before the conduct related to the remaining defendants.  Notably, Plaintiff does not even mention the Sandra Zamora Agency in his "factual background," instead only referring to the investigation and handling of his claim as it relates to Great Lakes, Kolb, BCC, and MHI.[95]

49.     For these reasons, the Sandra Zamora Agency was misjoined and should not be considered for purposes of assessing diversity jurisdiction.

---

[93] *See Coalition to Defend Affirmative Action, Integration and Immigrant Rights and Fight for Equality by any Means Necessary v. Regents of the Univ. of Mich.*, 701 F.3d 466, 489 (6th Cir. 2012) (rev'd on other grounds) (under the common-question requirement, misjoinder often occurs when no relief is demanded from one or more of the parties joined as defendants).
[94] *See* Plaintiff's Petition, pages 8-9.
[95] *See* Plaintiff's Petition, ¶¶8-13.

>    ii.    *Plaintiff's claim against the Sandra Zamora Agency also constitutes fraudulent misjoinder; therefore, the Sandra Zamora Agency's presence will not defeat diversity.*

>        a.    **Applicable standard for fraudulent misjoinder.**

50.    "[F]ailure to comply with the joinder requirements of Federal Rule of Civil Procedure 20 can, in certain limited circumstances, 'be just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possible cause of action.'"[96]  The fraudulent misjoinder analysis is two-fold: (1) has one defendant been misjoined with another defendant in violation of the applicable joinder rules, and (2) if so, is the misjoinder sufficiently egregious to rise to the level of a fraudulent misjoinder.[97]

51.    The first step of the analysis tracks the requirements of the relevant state joinder rule - here, Texas Rule of Civil Procedure 40.[98]  Texas Rule 40 provides that defendants may be joined together in the same action only if (a) there is asserted against them jointly, severally, or in the alternative any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and (b) at least one question of law or fact common to all of them will arise in the action.[99]  These requirements are borrowed from federal law - i.e. Federal Rule of Civil Procedure 20.[100]

52.    "If a party has been procedurally misjoined, the second step of the…analysis asks whether that misjoinder is fraudulent.   Fraudulence is measured against a standard of egregiousness.   [T]he misjoined parties and claims must be wholly distinct and have no real connection to each other, such that their joinder is bordering on a sham.   Other courts have opined that misjoinder is egregious if it is grossly improper, totally unsupported, and lacks any

---

[96] *Tex. Instruments Inv. v. Citigroup Global Markets, Inc*., 266 F.R.D. 143, 147 (ND. Tex. 2010).
[97] *Centaurus Unity v. Lexington Ins. Co.*, 766 F.Supp.2d 780, 789 (S.D. Tex. 2011).
[98] *Tex. Instruments Inv.*, 266 F.R.D. at 147.
[99] *Id.*
[100] *See id.*

colorable basis, if the claims are wholly unrelated, or if the relationship between the claims is so tenuous that they lack any palpable connection."[101]  "A survey of cases from the Fifth Circuit which have considered the question suggests that misjoinder is so egregious as to be fraudulent only in the following three situations: (1) two or more lawsuits with little or no party overlap have been combined in the same action (*i.e.,* there are multiple plaintiffs and defendants, but each plaintiff or discrete set of plaintiffs is suing only one defendant or a discrete set of defendants); (2) numerous plaintiffs have sued a common defendant and assert claims that have no shared factual element other than the presence of the common defendant; and (3) a single plaintiff or group of plaintiffs has joined multiple defendants in the same action and is asserting claims against each defendant that are both factually and legally unrelated."[102]

> **b.     Plaintiff's claim against the Sandra Zamora Agency does not satisfy the joinder requirements under T.R.C.P. 40(a).**

53.     As previously discussed in relation to Federal Rule of Civil Procedure 20, Plaintiff's claim against the Sandra Zamora Agency (a) does not arise out of the same transaction, occurrence, or series of transactions or occurrences as Plaintiff's claims against the other defendants; and (b) there are no questions of law or fact common to all defendants. Particularly, Plaintiff's claims against Great Lakes, Kolb, BCC, and MHI are premised on an outcome-oriented, unreasonable investigation purportedly leading to the underpayment of Plaintiff's claim and the inequitable evaluation of Plaintiff's losses on the property.[103] Conversely, Plaintiff's claim against the Sandra Zamora Agency focuses on whether the agency failed to use reasonable care in procuring insurance needed to protect the property for

---

[101] *Id*. at 149.
[102] *Id*.
[103] *See* Plaintiff's Petition, ¶¶12-13.

replacement cost due to covered perils such as wind and hail storms.[104]  Just as Plaintiff fails to satisfy the permissive joinder requirements of Federal Rule 20, Plaintiff fails to satisfy the joinder requirements of Texas Rule 40.

**c.    Plaintiff's misjoinder of the Sandra Zamora Agency is fraudulent.**

54.    Plaintiff's misjoinder of the Sandra Zamora Agency rises to the level of fraudulence, because Plaintiff's claim against the agency is wholly unrelated to Plaintiff's claims against the remaining parties.[105]  Moreover, the relationship between the claims is so tenuous that they lack any palpable connection.[106]  Courts within the Fifth Circuit routinely find fraudulent misjoinder under similar circumstances.

55.    For example, in *Nsight Tech., LLC v. Fed. Ins. Co.*, a company sued its former employee for conversion, alleging she embezzled company funds.[107]  In the same action, the company also sued its insurer for bad-faith breach of an employee-theft insurance policy.[108]  The court found that the conversion claim and the breach of contract/bad faith claim arose out of separate allegations of wrongdoing occurring at separate times.[109]  Thus, the claims against the diverse insurer and the non-diverse former employee had been fraudulently misjoined.[110]  The court emphasized that the two claims raised different factual issues, turned on different legal issues, and would be proved by different evidence.[111]

56.    Just as was the case in *Nsight*, Plaintiff's claim against the Sandra Zamora Agency and his claim against the remaining defendants arose out of separate allegations of wrongdoing occurring at separate times.   Namely, the Sandra Zamora Agency's wrongdoing concerns its

---

[104] *Id.*
[105] *Tex. Instruments Inv.*, 266 F.R.D. at 149.
[106] *Id.*
[107] 2009 WL 1106868, at *1 (S.D. Miss. 2009).
[108] *Id.*
[109] *Id.*
[110] *Id.* at *4.
[111] *Id.*

alleged failure to secure a policy with appropriate coverage, whereas the remaining defendants' wrongdoing relates to their alleged failure to properly investigate and pay Plaintiff's property damage claim. Additionally, these separate allegations of wrongdoing occurred at separate times - the Sandra Zamora Agency's wrongdoing having allegedly occurred in September 2014, and the other defendants' wrongdoing having supposedly occurred in June of 2015. Further, the claims raise different factual issues, turn on different legal issues, and would be proved by different evidence. Thus, the claims against the Sandra Zamora Agency have been fraudulently misjoined with the claims of the remaining defendants, and the Sandra Zamora Agency should not be considered for purposes of assessing diversity jurisdiction.

C.    AMOUNT IN CONTROVERSY EXCEEDS $75,000.

57.    Plaintiff is seeking "monetary relief over $100,000 but not more than $500,000."[112] Because the face of the Complaint establishes Plaintiff seeks damages in excess of $75,000, excluding interest and costs, the amount in controversy requirement for removal set forth in 28 U.S.C. § 1446(c)(2)(A)–(B) is satisfied.

### III.    VENUE

58.    Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the County Court at Law No. 4 of Hidalgo County, Texas, the forum in which the removed action was pending.

### IV.    ADDITIONAL REQUIREMENTS

59.    Great Lakes has provided notice to Plaintiff through delivery of a copy of this Notice and the state court Notice of Filing of Notice of Removal to Plaintiff's counsel of record, and has also provided notice to the Clerk of Court for the County Court at Law No. 4 of Hidalgo County, Texas through the filing of this Notice and the Notice of Filing of Notice of Removal

---

[112] *See* Plaintiff's Complaint, ¶12.

into the record of the State Court Action.

60.    Copies of all pleadings, process, orders, request for trial by jury, and other filings

in the State Court Action are attached to this notice as required by 28 U.S.C. § 1446(a).[113]

61.    Pursuant to Federal Rule of Civil Procedure 81 and 28 U.S.C. § 1446(a), this

Notice of Removal is accompanied by copies of the following:

| | |
|---|---|
| **Exhibit A**: | Listing of All Parties and Counsel of Record; |
| **Exhibit B**: | Civil Cover Sheet; |
| **Exhibit C**: | Index of All Documents Filed in State Court Action; |
| **Exhibits C-1 - C-14**: | Copies of all filings in State Court Action and State Court Docket Sheet; and |
| **Exhibit D**: | List of Action Being Removed. |

WHEREFORE, Defendant, Great Lakes Insurance SE (formerly known as Great Lakes

Reinsurance (UK) SE), prays that this matter be removed to the United States District Court for

the Southern District of Texas, McAllen Division, for further proceedings and disposition.

Respectfully submitted,

By: */s/ Tiye T. Foley*
**Eddy De Los Santos**
Texas Bar No. 24040790
**Tiye Foley**
Texas Bar No. 24088874
**BAKER, DONELSON, BEARMAN,**
**CALDWELL & BERKOWITZ. P.C.**
1301 McKinney Street
Suite 3700
Houston, Texas 77010
(713) 650-9700 - Telephone
(713) 650-9701 - Facsimile

***Attorneys for Defendant Great Lakes***
***Insurance SE (formerly known as Great***
***Lakes Reinsurance (UK) SE)***

---

[113] *See* Exhibit C:  Index of All Documents Filed in State Court Action.

## <u>CERTIFICATE AND NOTICE OF FILING</u>

I certify that on July 24th, 2017, the Notice of Removal was sent to the County Clerk of Hidalgo County, Texas, and that written notice of filing of the Notice of Removal was served via certified mail, return receipt requested, upon the attorney of record for Plaintiff.

*/s/ Tiye T. Foley*
Tiye T. Foley

## <u>CERTIFICATE OF SERVICE</u>

IT IS HEREBY CERTIFIED that on July 24th, 2017, the foregoing Notice of Removal was served on counsel for Plaintiff via Certified Mail, Return Receipt Requested, pursuant to the Federal Rules of Civil Procedure.

Douglas E. Pennebaker
Willie McAllen
Michael R. De Leon
PENNEBAKER LAW FIRM
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
Tel: (210) 562-2888
Fax: (210) 562-2880
***CM/RRR # 7014 2870 0000 2457 1927***

*/s/ Tiye T. Foley*
Tiye T. Foley