# EXHIBIT C

## INDEX OF ALL DOCUMENTS FILED IN STATE COURT ACTION

| EXHIBIT | DATE FILED | DOCUMENT TITLE |
|---|---|---|
| C-1 | | STATE COURT DOCKET SHEET |
| C-2 | 6/23/2017 | PLAINTIFF'S ORIGINAL PETITION |
| C-3 | 6/26/2017 | CITATION ISSUED - GREAT LAKES REINSURANCE (U.K.) SE |
| C-4 | 6/26/2017 | CITATION ISSUED - DEMIAN J. KOLB |
| C-5 | 6/26/2017 | CITATION ISSUED - BRUSH COUNTY CLAIMS, LTD |
| C-6 | 6/26/2017 | CITATION ISSUED - MCCLELLAND AND HINE, INC. |
| C-7 | 6/26/2017 | CITATION ISSUED - SANDRA ZAMORA INSURANCE AGENCY |
| C-8 | 6/28/2017 | SERVICE RETURNED - SERVED - SANDRA ZAMORA INSURANCE AGENCY |
| C-9 | 6/29/2017 | SERVICE RETURNED - SERVED - BRUSH COUNTY CLAIMS, LTD |
| C-10 | 6/29/2017 | SERVICE RETURNED - SERVED - MCCLELLAND AND HINE, INC. |
| C-11 | 7/10/2017 | SERVICE RETURNED - UNSERVED - DEMIAN J. KOLB |
| C-12 | 7/13/2017 | LETTER RECEIVED - TEXAS DEPARTMENT OF INSURANCE |
| C-13 | 7/20/2017 | ANSWER - SANDRA SAMORA INSURANCE AGENCY, LLC |
| C-14 | 7/24/2017 | ANSWER - GREAT LAKES INSURANCE SE |

Page 1 of 2

Skip to Main Content  Logout  My Account  Search Menu  New Civil Search  Refine Search  Back

Location : All Courts    Images

## REGISTER OF ACTIONS
### CASE NO. CL-17-2638-D

| | |
|---|---|
| Roberto Montes Burgos VS. Great Lakes Reinsurance (U.K.) SE, Demian J. Kolb, Brush Country Claims, Ltd, McClelland and Hine, Inc., Sandra Zamora Insurance Agency | §<br>§<br>§<br>§ |

| | |
|---|---|
| Case Type: | Contract -<br>Consumer/Commercial/Debt<br>(OCA) |
| Date Filed: | 06/23/2017 |
| Location: | County Court at Law #4 |

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| Defendant | Brush Country Claims, Ltd | |
| Defendant | Great Lakes Reinsurance (U.K.) SE | |
| Defendant | Kolb, Demian J. | |
| Defendant | McClelland and Hine, Inc. | |
| Defendant | Sandra Zamora Insurance Agency | GEORGE C. BURNS<br>*Retained*<br>210-344-0500(W) |
| Plaintiff | Burgos, Roberto Montes | DOUGLAS E. PENNEBAKER<br>*Retained*<br>210-562-2888(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 06/23/2017 | Original Petition (OCA)<br>  *Petition* |
| 06/26/2017 | Citation Issued<br>  *great lakes reinsurance sent by certmail* |
| 06/26/2017 | Citation Issued<br>  *demian j kolb sent by certmail* |
| 06/26/2017 | Citation Issued<br>  *brush county claims sent by certmail* |
| 06/26/2017 | Citation Issued<br>  *mcclelland and hine inc sent by certmail* |
| 06/26/2017 | Citation Issued<br>  *sandra zamora sent by cermtail* |
| 06/28/2017 | Service Returned - Served<br>  *sandra zamora insurance* |
| 06/29/2017 | Service Returned - Served<br>  *brush county claims ltd served* |
| 06/29/2017 | Service Returned - Served<br>  *mcclelland and hine inc served* |
| 06/30/2017 | Service Returned - Served<br>  *GREAT LAKES REINSURANCE SERVED* |
| 07/10/2017 | Service Returned - Unserved<br>  *demian j kolb not served* |
| 07/13/2017 | Letter Received<br>  *Letter to Pennebaker Law Firm returning documents regarding Great Lakes Reinsurance* |
| 07/20/2017 | Answer<br>  *Sandra Zamora Insurance Agency's Original Answer* |

---

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| **Defendant** Sandra Zamora Insurance Agency | | | | |
| Total Financial Assessment | | | | 2.00 |
| Total Payments and Credits | | | | 2.00 |
| **Balance Due as of 07/24/2017** | | | | **0.00** |
| 07/20/2017 | Transaction Assessment | | | 2.00 |
| 07/20/2017 | EFile Payments from TexFile | Receipt # 2017-033275 | Sandra Zamora Insurance Agency | (2.00) |

# EXHIBIT C-1

7/24/2017

| | **Plaintiff** Burgos, Roberto Montes | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | 964.00 |
| | Total Payments and Credits | | | 964.00 |
| | **Balance Due as of 07/24/2017** | | | **0.00** |
| 06/26/2017 | Transaction Assessment | | | 964.00 |
| 06/26/2017 | EFile Payments from TexFile | Receipt # 2017-029233 | Burgos, Roberto Montes | (964.00) |

Electronically Submitted
6/23/2017 7:23 PM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

CAUSE NO. _____**CL-17-2638-D**_____

| | | |
|---|---|---|
| ROBERTO MONTES BURGOS | § | IN THE COUNTY COURT |
| | § | |
| | § | |
| | § | |
| VS. | § | AT LAW NUMBER ___ |
| | § | |
| GREAT LAKES REINSURANCE (U.K.) SE, | § | |
| DEMIAN J. KOLB, BRUSH COUNTRY | § | |
| CLAIMS, LTD, MCCLELLAND AND | § | |
| HINE, INC., AND, SANDRA ZAMORA | § | |
| INSURANCE AGENCY, LLC | § | HIDALGO COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

**ROBERTO MONTES BURGOS**, Plaintiff herein, files this Original Petition against Defendants, GREAT LAKES REINSURANCE (U.K.) SE, DEMIAN J. KOLB, BRUSH COUNTRY CLAIMS, LTD, MCCLELLAND AND HINE, INC. and SANDRA ZAMORA INSURANCE AGENCY, LLC. and, in support of Plaintiff's causes of action, would respectfully show the Court the following:

### I.
### THE PARTIES

#### a - PLAINTIFF

1.  Plaintiff is a Texas resident who resides and conducts business in Hidalgo County, Texas. Said property is located at: 1100 Ursula, Mission, Texas 78572.

#### b - DEFENDANTS

1.  **GREAT LAKES REINSURANCE (U.K.) SE** is Surplus Lines Company authorized to engage in the insurance business in the State of Texas, and may be served by serving the **Commission of Insurance, Texas Department of Insurance, 333 Guadalupe Street, Austin, Texas 78701** WHO SHALL THEN SERVE: Drinker Biddle, 1177 Avenue of the Americas, FL 41, New York,

1

**EXHIBIT C-2**

Electronically Submitted
6/23/2017 7:23 PM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-2638-D**

NY 10036-2714. **Service is requested by certified mail, return receipt requested at this time.**

**Two Citations shall be issued and both shall contain the name "Great Lakes Reinsurance (U.K.) SE.**

2.    **DEMIAN J. KOLB**, is a licensed Texas adjuster and Texas resident who participated in adjusting Plaintiff's insurance claim, and he may be served via certified mail **c/o Kolb Adjusting, Incorporated, 3017 42nd St., Lubbock, Texas  79413.** Service is requested at this time.

3.    **BRUSHCOUNTRY CLAIMS, LTD** is a licensed adjusting company who participated in adjusting Plaintiff's insurance claim, and may be served via certified mail through its **Registered Agent, to-wit:  Richard W. Myers, 508 Cedar Drive, Georgetown, Texas 78628.** Service is requested at this time.

4.    **MCCLELLAND AND HINE, INC.**  is an agency doing business in the State of Texas, and may be served its Registered Agent, to-wit:  **Gilbert C. Hine, Jr., 2202 Thousand Oaks, Suite 100, San Antonio, Texas  78270.**  Service is requested at this time.

5.    **SANDRA ZAMORA INSURANCE AGENCY, LLC.** is an insurance agency doing business in the state of Texas and may be served via certified mail to **its Registered Agent, Sandra Zamora, 2013 N. Conway Ave., Mission, Texas  78572-2965.** Service is requested at this time.

## I.
## DISCOVERY

6.    This case is intended to be governed by Discovery Level 3.

## III.
## CLAIM FOR RELIEF

7.    The damages sought are within the jurisdictional limits of this court. Plaintiffs currently seek monetary relief over $100,000 but not more than $200,000, including damages of any kind,

Electronically Submitted
6/23/2017 7:23 PM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-2638-D**

penalties, costs, expenses, pre-judgment interest, and attorney's fees. However, to the extent that Defendant refuses to cooperate in discovery, make frivolous and unwarranted objections, file needless motions, quash depositions and discovery requests without a reasonable basis, assert unjustified or false affirmative defenses, make unwarranted special exceptions, hire individuals they claim to be "experts" who give false opinions or testimony, produce witnesses who commit perjury, conduct excessive discovery, or otherwise needlessly delay litigation, the costs, expenses, interest, and attorney's fees will likely be over $200,000 but not more than $1,000,000.

### IV. JURISDICTION AND VENUE

6.      This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. No diversity of citizenship exists in this matter.

7.      Venue is proper in HIDALGO County under Tex. Civ. Prac. & Rem. Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in said County. In particular, the loss at issue occurred in this County.

### V. FACTUAL BACKGROUND

8.      Plaintiff is a named insured under a commercial property insurance policy issued by GREAT LAKES REINSURANCE (U.K.) PLC., Policy Number: **GK1439068869.**

9.      On or about MARCH 26, 2015, a storm hit the HIDALGO County area, damaging Plaintiff's commercial property. Plaintiff subsequently filed a claim on Plaintiff's insurance policy.

10.     Defendants improperly denied and/or underpaid the claim.

11.     MCCLELLAND AND HINE, INC., DEMIAN J. KOLB AND BRUSH COUNTRY CLAIMS, LTD who were assigned as individual adjusters and/or adjusting companies on the

3

Electronically Submitted
6/23/2017 7:23 PM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-2638-D**

claim, conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that he noted during the inspection, and undervalued the damages he observed during the inspection.

12.    MCCLELLAND AND HINE, INC., DEMIAN J. KOLB AND BRUSH COUNTRY CLAIMS, LTD's unreasonable investigation led to the underpayment of Plaintiff's claim.

13.    Moreover, GREAT LAKES REINSURANCE (U.K.) PLC and MCCLELLAND AND HINE, INC., DEMIAN J. KOLB AND BRUSH COUNTRY CLAIMS, LTD performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

## VI.
## CAUSES OF ACTION

14.    Each of the foregoing paragraphs is incorporated by reference in the following:

### A.    Breach of Contract (GREAT LAKES REINSURANCE (U.K.) PLC Only)

15.    GREAT LAKES REINSURANCE (U.K.) PLC had a contract of insurance with Plaintiff. GREAT LAKES REINSURANCE (U.K.) PLC breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

### B.    Prompt Payment of Claims Statute (GREAT LAKES REINSURANCE (U.K.) PLC Only)

16.    The failure of GREAT LAKES REINSURANCE (U.K.) PLC to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.051 *et seq.* of the Texas Insurance Code.

17.    Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to 18% interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

### C.    Bad Faith/DTPA (GREAT LAKES REINSURANCE (U.K.) SE, DEMIAN J. KOLB, BRUSH COUNTRY CLAIMS, LTD, MCCLELLAND AND HINE, INC.)

Electronically Submitted
6/23/2017 7:23 PM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-2638-D**

18.     Defendants are required to comply with Chapter 541 of the Texas Insurance Code.

19.     Defendants violated § 541.051 of the Texas Insurance Code by:

(1)     making statements misrepresenting the terms and/or benefits of the policy.

20.     Defendants violated § 541.060 by:

(1)     misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

(2)     failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

(3)     failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

(4)     failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

(5)     refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

21.     Defendants violated § 541.061 by:

(1)     making an untrue statement of material fact;

(2)     failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

(3)     making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

(4)     making a material misstatement of law; and

(5)     failing to disclose a matter required by law to be disclosed.

5

Electronically Submitted
6/23/2017 7:23 PM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-2638-D**

22.     At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendants.

23.     Defendants have violated the Texas Deceptive Trade Practices Act in the following respects:

(1)     Defendants represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

(2)     GREAT LAKES REINSURANCE (U.K.) PLC failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

(3)     GREAT LAKES REINSURANCE (U.K.) PLC, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, such as for repairs to the structure, interior architectural finishes, finish out, improvements and betterments, business income and other extra expenses associated with damage caused by a wind/hail storm, engaged in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)(3) in that GREAT LAKES REINSURANCE (U.K.) PLC took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code.

24.     Defendants knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

Electronically Submitted
6/23/2017 7:23 PM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

CL-17-2638-D

**D.    Actionable Conduct of Adjuster and Adjusting Company (DEMIAN J. KOLB, BRUSH COUNTRY CLAIMS, LTD, MCCLELLAND AND HINE, INC.)**

25.    With regard to the adjuster Defendant named herein, Plaintiff alleges said McClelland and Hine, Inc., Demian J. Kolb and Brush Country Claims, Ltd made specific misrepresentations in violation of the Texas Insurance Code, §541.002, §541.060, §541.061 and §541.003, to include, but not limited to misrepresenting the scope of damages caused by the covered wind/hail peril. McClelland and Hine, Inc., Demian J. Kolb and Brush Country Claims, Ltd also misrepresented the true cost of repairing all of the damages caused by the storm, such as damages to the structure, interior architectural finishes, finish out, improvements and betterments, business income and other extra expenses associated with damage caused by a wind/hail storm.    Consequently, Defendant significantly underpaid the claim to the detriment of the insured. The named Defendant adjuster and adjusting company acted with actual awareness that McClelland and Hine, Inc., Demian J. Kolb and Brush Country Claims, Ltd was misrepresenting the true scope and cost of repair in the estimate the Defendant adjuster prepared.    Therefore, as an "Adjuster" or "Adjusting Company," these Defendants meet the definition of "person" under §541.002, and therefore liable under §541.003 et seq. of the Texas Insurance Code. The Defendant adjuster misled Plaintiff.  The acts and omissions of McClelland and Hine, Inc., Demian J. Kolb and Brush Country Claims, Ltd violate 541 and §542 of the Texas Insurance Code, for which Plaintiff seeks damages. In addition to the above allegations, Defendants, Demian J. Kolb and Brush Country Claims, Ltd. misrepresented that the insured's roof was not properly maintained, resulting in water intrusion.  These misrepresentations were made for the specific purpose of helping Great Lakes avoid coverage.  These adjusters further misrepresented that there was no wind or hail created openings through which rain entered the building to cause damage.  Further, Brush Country Claims failed to comply with the adjuster guidelines required by

7

Electronically Submitted
6/23/2017 7:23 PM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-2638-D**

McClelland & Hine, Inc. The named adjuster blatantly misrepresented that Great Lakes was unable to make any insurance payments, which is patently false.

Further, the above named adjuster in this litigation committed various acts and omissions violative of the Texas Insurance Code to include performing an incomplete visual inspection of the property, and failing to inspect all affected areas; said named adjuster undervalued damages and failed to allow for adequate funds to cover the costs of repairs, and set out to deny properly covered damages. These actions on the part of this named adjuster resulted in underpayment to the Plaintiff, as well as delay in Plaintiff's ability to fully repair the insured property and business. The above named adjuster in this suit conducted an outcome-oriented investigation designed to minimize the Plaintiff's claim, and failed to promptly provide the Plaintiff with a reasonable explanation of the basis of the policy in relation to the facts or applicable law, for the claim decision. The named adjuster's actions constitute unfair method of competition and an unfair or deceptive act in the business of insurance.

**E.      Actionable Conduct of Agency (SANDRA ZAMORA INSURANCE AGENCY, LLC)**

Plaintiff herein specifically requested that its Agent, Defendant, SANDRA ZAMORA INSURANCE AGENCY, LLC provide coverage sufficient to protect his property for replacement cost in the event of covered perils such as fires and storms. According to the Adjuster, DEMIAN HOUSE of BRUSH COUNTRY CLAIMS, LLC, Plaintiff's Insurance Agent, SANDRA ZAMORA INSURANCE AGENCY, failed to procure adequate insurance based on his determination that replacement cost of the building would be $492,039.53. The agent obtained a policy with an actual cash value of only $252,138.58. and therefore did not comply with the 80% RCV coinsurance set forth in the policy. Therefore, Defendant GREAT LAKES REINSURANCE (U.K.) PLC applied the co-insurance penalty and did not pay the plaintiff's claim in full. Either the adjuster or insurance

8

Electronically Submitted
6/23/2017 7:23 PM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-2638-D**

company is being untruthful about the replacement cost, or the agent failed to use reasonable care in procuring insurance needed to protect the property for replacement cost due to covered perils such as wind and hail storms.

**F.     Attorneys' Fees**

26.     Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendants and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

27.     Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE §§ 38.001-38.003 because Plaintiff is represented by an attorney, presented the claim to Defendants, and Defendants did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

28.     Plaintiff further prays that it be awarded all reasonable attorneys' fees incurred in prosecuting its causes of action through trial and any appeal pursuant to Sections 541.152 542.060 of the Texas Insurance Code.

## VII. CONDITIONS PRECEDENT

29.     All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendants.

## VIII. DEMAND FOR JURY

30.     Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff herein requests a jury trial and along with the filing of the Original Petition has tendered to the Clerk of the Court the statutory jury fee.

## IX. DISCOVERY REQUESTS

31.     Pursuant to Rule 194, you are requested to disclose, within fifty (50) days after

9

Electronically Submitted
6/23/2017 7:23 PM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-2638-D**

service of this request, the information or material described in Rule 194.2(a)-(l).

32.     You are also requested to respond to the attached interrogatories, requests for production and requests for disclosures within fifty (50) days, in accordance with the instructions stated therein.

## IX.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff herein prays that, upon final hearing of the case, Plaintiff recover all damages from and against Defendants that may reasonably be established by a preponderance of the evidence, and that Plaintiff be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiff may show herself to be justly entitled.

Respectfully submitted,

PENNEBAKER LAW FIRM
A Professional Corporation
1045 Cheever Blvd., Suite 103
San Antonio, Texas  78217
Telephone:    (210) 562-2888
Telecopier:    (210) 562-2880

By:  _____

DOUGLAS E. PENNEBAKER
State Bar No. 00788178
**Lead counsel email:  Doug@pennebakerlaw.com**
ATTORNEY FOR PLAINTIFFS
AND
WILLIE MCALLEN
State Bar No. 24047468
MICHAEL R. DE LEON
State Bar No. 24055389

10

Electronically Submitted
6/23/2017 7:23 PM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-2638-D**

### PLAINTIFF'S FIRST SET OF INTERROGATORIES,
### REQUESTS FOR PRODUCTION AND REQUESTS FOR DISCLOSURES

COMES NOW Plaintiff in the above-styled and numbered cause, and requests that Defendant(s) (1) answer the following Interrogatories separately and fully in writing under oath within 50 days of service; (2) answer the Requests for Production separately and fully in writing within 50 days of service; (3) answer the Requests for Disclosures separately and fully in writing within 50 days of service; (4) serve your answers to these Interrogatories, Requests for Production, and Requests for Disclosures on Plaintiff by and through his/her attorneys of record, Douglas E. Pennebaker, Pennebaker Law Firm, 1045 Cheever Blvd., Suite 103, San Antonio, Texas 78217; and (5) produce all documents responsive to the Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within 50 days of service at the Pennebaker Law Firm. You are also advised that you are under a duty to seasonably amend your responses if you obtain information on the basis of which:

a. You know the response made was incorrect or incomplete when made; or

b. You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

### DEFINITIONS AND INSTRUCTIONS

A. These Responses call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

B. If you cannot answer a particular Interrogatory in full after exercising due diligence to secure the information to do so, please state so and answer to the extent possible, specifying and explaining your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

C. If you claim that any document which is required to be identified or produced by you in any response is privileged:

    1. Identify the document's title and general subject matter;

Electronically Submitted
6/23/2017 7:23 PM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-2638-D**

2.  State its date;
3.  Identify all persons who participated in its preparation;
4.  Identify the persons for whom it was prepared or to whom it was sent;
5.  State the nature of the privilege claimed; and
6.  State in detail each and every fact upon which you base your claim for privilege.

D.  "Documents," includes any written, recorded or graphic matter, however produced or reproduced, of every kind regardless of where located including, but not limited to, medical records, tax returns, earnings statements, any summary, schedule, memorandum, note, statement, letter, telegraph, interoffice communication, report, diary, ledger, journal, log, desk or pocket calendar or notebook, day book, appointment book, pamphlet, periodical, worksheet, cost sheet, list, graph, chart, telephone or oral conversation, study, analysis, transcript, minutes, accounting records, data sheet, tally or similar freight documents, computer printout, electronic mail, computer disk, and all other memorials of any conversations, meetings and conferences, by telephone or otherwise, and any other writing or recording which is in your possession, custody or control or in the possession, custody or control of any director, officer, employee, servant or agent of yours or your attorneys. The term "documents" shall also include the files in which said documents are maintained. Electronically stored information should be produced in PDF format.

E.  "You," "Your," "Yours", "Defendants" and "Defendant" means all Defendants in this case.

F.  In each instance where you are asked to identify or to state the identity of a person, or where the answer to an Interrogatory refers to a person, state with respect to each such person:
1.  His or her name;
2.  His or her last known business and residence address and telephone number; and
3.  His or her business affiliation or employment at the date of the transaction, event or matter referred to.

G.  If you decide that one question is not simply one question and plan to object based upon more than 25 interrogatories, you are instructed to skip that question and continue to answer what you consider to be only one question, by answering only the first 25 alleged single questions. By answering any one numbered question, you are hereby admitting that one number question is in fact one question and waive any objection based upon a limit of interrogatories.

H.  "Plaintiffs" and "Plaintiff" includes all Plaintiffs, and refers to a single Plaintiff or multiple Plaintiffs, if applicable.

I.  "Property" means the property at issue in the lawsuit.

J.  "Lawsuit" means this lawsuit.

12

Electronically Submitted
6/23/2017 7:23 PM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-2638-D**

## CLAIM SPECIFIC INTERROGATORIES TO DEFENDANT INSURER (GREAT LAKES)

1. Identify all persons, address, including job title, dates of employment, and a description of each individual's role in the claim made the basis of this Lawsuit, if any, for all persons providing information for the answers these interrogatories.

   ANSWER:

2. Identify all persons and/or entities who handled the claim made the basis of the Lawsuit on behalf of Defendant.

   ANSWER:

3. State the following concerning notice of claim and timing of payment:

   a. The date and manner in which Defendant received notice of the claim;
   b. The date and manner in which Defendant acknowledged receipt of the claim;
   c. The date and manner in which Defendant commenced investigation of the claim;
   d. The date and manner in which Defendant requested from the Plaintiffs all items, statements, and forms reasonably necessary that Defendant reasonably believed, at the time, would be required from the Plaintiffs; and
   e. The date and manner in which Defendant notified the claimant(s) in writing of the acceptance or rejection of the claim.
   f. To the extent Defendant felt it was applicable to this claim, did Defendant request an additional 45 days to accept or reject the claim, and if so, for what reason and state the date and manner in which Defendant made that request.
   g. The date and manner in which you notified Plaintiff of acceptance or rejection of coverage for all or any portion of Plaintiffs' claim; and
   h. The date and manner of all payments made to insured, identifying whether payment was made under structure, additional structure, contents and/or ALE provisions.

   ANSWER:

4. Identify each inspection of the Property made the basis of this Lawsuit by:
   a. The name and job title of each person who inspected the Property;
   b. The date of each inspection;
   c. The purpose of each inspection; and
   d. Any documents generated during or as a result of each inspection, including the persons and/or entities in possession of those documents.

   ANSWER:

13

Electronically Submitted
6/23/2017 7:23 PM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-2638-D**

5.    If Defendant is aware of documents that are not in Defendant's possession that are related the Claim and were gathered by a person or entity working on behalf of Defendant (directly or indirectly), identify the documents, including the persons and/or entities in possession of those documents with last known addresses.

ANSWER:

6.    State all dates on which Defendant closed Plaintiffs' claim and to the extent Defendant asserts statute of limitations as a defense, state all dates and manners in which Defendant notified Plaintiff(s).

ANSWER:

7.    Does Defendant contend that Plaintiff(s) failed to provide proper notice of the claim made the basis of this Lawsuit under either the policy or the Texas Insurance Code, and, if so, describe how the notice was deficient, identifying any resulting prejudice caused to Defendant.

ANSWER:

8.    At the time the claim made the basis of this Lawsuit was investigated by Defendant (and prior to the anticipation of litigation), describe Defendant's understanding of areas of the property (i.e., roof, interior) Defendant was investigating, identifying the coverage sections (i.e., dwelling, other structure, ALE, contents, and/or code upgrade) of the Policy upon which the claim was paid or denied.

ANSWER:

9.    Does Defendant contend that at the time the claim made the basis of this Lawsuit was investigated by Defendant (and prior to anticipation of litigation), Plaintiffs failed to protect the property from further damage or loss, make reasonable and necessary repairs or temporary repairs required to protect the Property as provided under the Policy?

ANSWER:

10.   At the time the claim made the basis of this Lawsuit was investigated by Defendant (and prior to anticipation of litigation), state whether the Plaintiff(s) failed to exhibit/provide access to the Property as reasonably requested by Defendant, and, if so, describe how Plaintiff failed to do so, identifying any resulting prejudice caused to Defendant.

ANSWER:

Electronically Submitted
6/23/2017 7:23 PM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-2638-D**

11.     At the time the claim made the basis of this Lawsuit was investigated (and prior to anticipation of litigation), identify all documents and information requested from Plaintiff(s) stating the date and manner in which the request was made to Plaintiffs. If Defendant contends that Plaintiff(s) failed to provide Defendant with requested documents and/or information, identify all requests Plaintiffs did not respond and if Defendant denied any portion of the claim based on Plaintiffs' failure to respond.

ANSWER:

12.     At the time the claim made the basis of this Lawsuit was investigated (and prior to the anticipation of litigation), did Defendant request or take any statements and/or examinations under oath of Plaintiff(s) as provided under the policy. If so, state the date and manner in which Defendant made the request, the date on which any statements or examinations under oath were taken and the manner in which they were recorded or documented, identifying all persons who requested and/or took the statement or examination under oath. If Defendant contends that Plaintiff(s) failed to provide Defendant with a requested statement or examination, describe how Plaintiff failed to comply with any requests, to the extent it was relied upon to deny any portion of Plaintiffs' claim.

ANSWER:

13.     At the time the claim made the basis of this Lawsuit was investigated and the Property inspected (and prior to anticipation of litigation), describe all damage attributable to the storm observed at the Property by Defendant or any persons or entities on behalf of Defendant.

ANSWER:

14.     If you contend Plaintiffs' damages claimed in this lawsuit are the result of a prior insurance claim or prior unrepaired damage, please list all such prior claims on the property made in the last ten years, including claim number , date of loss, type of loss, and payments, if any, and identify which prior claim or claims you contend pertain to such damage.

ANSWER:

15.     Identify all exclusions under the Policy applied to the claim made the basis of this Lawsuit, and for each exclusion identified, state the reason(s) that Defendant relied upon to apply that exclusion.

ANSWER:

16.     Describe how Defendant determined whether overhead and profit ("O&P") should be applied to the claim made the basis of this Lawsuit, identifying the criteria for that determination.

Electronically Submitted
6/23/2017 7:23 PM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-2638-D**

ANSWER:

17.    State whether sales tax was paid by Defendant on all materials and/or labor and the method of calculation. To the extent this information is reflected on an estimate, Defendant can refer Plaintiff(s) to such estimate.

ANSWER:

18.    Identify all items on the claim made the basis of this Lawsuit to which Defendant applied depreciation, stating for each item the criteria used and the age of the item.

ANSWER:

19.    To the extent Defendant utilized an estimating software and modified the manufacturer's settings with respect to Plaintiffs' claim, identify those modifications.

ANSWER:

20.    State whether Defendant applied depreciation to the tear off of the damaged roof and/or other debris removal in the claim made the basis of this Lawsuit, identifying the basis for that depreciation and the applicable policy section under which the tear off was paid under.

ANSWER:

21.    Identify all price lists used to prepare all estimates on the claim made the basis of this Lawsuit, stating the manufacturer, version, date and geographical area.  For any price list developed by a third party vendor, identify any additions, deletions, alterations or modifications made by Defendant, describing the change and purpose of the change for preparing an estimate on the claim made the basis this Lawsuit.

ANSWER:

22.    State whether of any persons and/or entities who handled the claim made the basis this Lawsuit failed to follow any rules, guidelines, policies, or procedures implemented by Defendant for the Hidalgo County hail storms occurring on or about The date of loss made the basis of this suit in regards to the adjustment of this claim. If so, identify each person and the specific rule, guideline, policy, or procedure that was violated.

ANSWER:

Electronically Submitted
6/23/2017 7:23 PM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-2638-D**

23.     To the extent Defendant is aware, state whether the estimate(s) prepared for the claim made the basis this Lawsuit failed to identify, note, or document any storm related damage at the Property. If so, identify each item of damage that was not properly identified, noted, or documented.

     ANSWER:

24.     To extent Defendant is aware, state whether the estimate(s) prepared for the claim made the basis of lawsuit wrongly included or excluded any item or payment. If so, identify each item or payment and state whether it should have been included or excluded from the estimates prepared on the claim made the basis this Lawsuit.

     ANSWER:

25.     To the extent Defendant is aware, state any violations of Texas Insurance Code Section 541 that were discovered on this claim during the claims handling process.

     ANSWER:

26.     To the extent Defendant is aware, state any violations of Texas Insurance Code Section 542 that were discovered on this claim during the claims handling process.

     ANSWER:

27.     To the extent Defendant is aware, state any violations of the requirements or obligations owed to Plaintiff(s) under the Policy relating the claim made the basis of this Lawsuit that were discovered during the claims handling process.

     ANSWER:

28.     State the date Defendant first anticipated litigation.

     ANSWER:

29.     Identify all evidence that may be used to impeach, by proof of final conviction of any felony or crime of moral turpitude, of any witness, including any party witness, by stating the following identifying information, pursuant to Tex. R. Evid. 609:

     a.  the name of the accused;
     b.  the charged offense;
     c.  whether the crime was a felony or involved moral turpitude;
     d.  the date of final conviction; and
     e.  the style, case number, and county of the proceeding.

Electronically Submitted
6/23/2017 7:23 PM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-2638-D**

ANSWER:


30.   Identify any and all witnesses who may be called to testify at trial pursuant to Rule 192.3(d) of the Texas Rules of Civil Procedure.

ANSWER:


31.   Pursuant to Rule 192.3(e) of the Texas Rules of Civil Procedure, for each consulting expert, or expert who is not expected to be called as a witness but whose work product 1) forms the basis either in whole or in part of the opinions of an expert who is to be called as a witness and/or 2) has been reviewed or relied upon by a testifying expert witness, please state:

  a.   The name, address, and telephone of such expert;
  b.   The number of times that expert has been retained by a defendant in any case;
  c.   The number of times that expert has been retained by a plaintiff in any case;
  d.   The number of times that expert has been retained by the attorney representing any Defendants in this suit;
  e.   The number of times that expert has been retained by the law firm representing any Defendants in this suit; and
  f.   The amount of compensation received or to be received in this case.

ANSWER:


32.   If you contend that the Policy is void for any reason, state the specific factual bases for that contention, identifying any and all investigations, the factors considered and the conclusion reached and the evidence that is the basis for that conclusion.

ANSWER:


33.   If you contend that the Plaintiff(s) made any misrepresentation regarding the Policy or the claim made the basis of this Lawsuit, state what specific misrepresentation(s) was/were made and the factual bases for your contention.

ANSWER:

Electronically Submitted
6/23/2017 7:23 PM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-2638-D**

## CLAIM SPECIFIC REQUEST FOR PRODUCTION TO INSURER, GREAT LAKES

1.  The following insurance documents issued for the Property as identified in the Petition:
    a. the policy at issue for the date of loss as identified in the Petition; and
    b. the policy declarations page for the 3 years preceding the storm.

    RESPONSE:

2.  Produce underwriting files and documents relating to the underwriting for all insurance policies for the Property identified in the Petition. This request is limited to the past 5 years. To the extent Defendant contends that the underwriting file or documents older than 5 years impact the damages or coverage, produce that underwriting file or document.

    RESPONSE:

3.  All documents relating to the condition or damages of the Property or any insurance claim on the Property identified in the Petition.

    RESPONSE:

4.  All documents relating to any real property insurance claims made by the Plaintiff(s). This request is limited to the past 5 years. To the extent Defendant contends that documents older than 5 years impact the damages or coverage, produce that document.

    RESPONSE:

5.  All requests for information to any third party about the Property, the Plaintiff(s), or the claims made the basis of this Lawsuit.

    RESPONSE:

6.  All documents used to instruct, advise, guide, inform, educate, or assist provided to any person handling the claim made the basis of this Lawsuit that related to the adjustment of this type of claim, i.e., hail property damage.

    RESPONSE:

7.  All documents obtained from any person(s) or entity(ies) and governmental agencies on behalf of Defendant or by Defendant relating to the Plaintiff(s), the Property, the Policy, or the claims made the basis of this Lawsuit. This request includes all documents obtained by way of deposition on written questions.

Electronically Submitted
6/23/2017 7:23 PM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-2638-D**

RESPONSE:

8. All documents received (prior to litigation) directly or indirectly from Plaintiff(s) or created by Plaintiff(s) related to the Property made the basis of this lawsuit. This request is limited to the past 5 years. To the extent Defendant contends that any document older than 5 years impact the damages or coverage, produce that document.

RESPONSE:

9. Produce a copy of all price lists used to prepare any estimates for the claim made the basis of this Lawsuit. To the extent the pricelist is an unmodified pricelist from a third party, you can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

RESPONSE:

10. To the extent Defendant created or altered any prices used in the preparation of an estimate in the claim made the basis of this Lawsuit, produce all documents related to the creation or alteration of the price, including the original price for that item and the factual bases for the creation or alteration.

RESPONSE:

11. A complete copy the personnel file related to performance (excluding medical and retirement information) for all people and their managers and/or supervisors who directly handled the claim made the basis of this Lawsuit, including all documents relating to applications for employment, former and current resumes, last known address, job title, job descriptions, reviews, evaluations, and all drafts or versions of requested documents. This request is limited to the past 5 years.

RESPONSE:

12. All organizational charts, diagrams, lists, an/or documents reflecting each department, division or section of Defendant's company to which the claim made the basis of this Lawsuit was assigned.

RESPONSE:

Electronically Submitted
6/23/2017 7:23 PM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-2638-D**

13. All Texas insurance licenses and/or certifications in effect that the time of the claims arising out of the Hidalgo County hail storms which occurred on or about The date of loss made the basis of this suit for all persons who worked on the claim made the basis of this Lawsuit, including any document relating to the application, issuance or review of those licenses and/or certifications. This request excludes those who performed merely ministerial acts, i.e. people who answer phones, file clerks whose only job duty is to stamp "received," etc.

RESPONSE:

14. If an engineer and/or engineering firm evaluated the Property, produce all reports written at the request of Defendant by that engineer or engineering firm within the last 3 years. This request is limited to the extent that the engineer and/or engineering firm was used during claims handling.

RESPONSE:

15. Produce all documents showing amounts billed and paid to any engineer and/or engineering firm identified in response to Request for Production No. 14 above within the last three years. A summary is acceptable in lieu of actual invoices or payments.

RESPONSE:

16. All documents reflecting the pre-anticipation of litigation reserve(s) set on the claim made the basis of this Lawsuit, including any changes to the reserve(s) along with any supporting documentation.

RESPONSE:

17. All documents relating to issues of honesty, criminal actions, past criminal record, criminal conduct, fraud investigation and/or inappropriate behavior which resulted in disciplinary action by Defendant of any person(s) or entity(ies) who handled the claim made the basis of this Lawsuit, the Plaintiff(s) or any person assisting on the claim made the basis of this Lawsuit.

RESPONSE:

18. All documents relating to work performance, claims patterns, claims problems, commendations, claims trends, claims recognitions, and/or concerns for any person who handled the claim made the basis of this Lawsuit.

RESPONSE:

Electronically Submitted
6/23/2017 7:23 PM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-2638-D**

19. All XactAnalysis reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit relating to claims arising out of the Hidalgo County hail storms occurring on or about The date of loss made the basis of this suit.

   RESPONSE:

20. Any email or document that transmits, discusses, or analyzes any report produced in response to Request for Production No. 19 above.

   RESPONSE:

21. All Simsol Management reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit relating to claims arising out of the Hidalgo County hail storms occurring on or about The date of loss made the basis of this suit.

   RESPONSE:

22. Any email or document that transmits, discusses, or analyzes any report produced in response to Request for Production No. 21 above.

   RESPONSE:

23. For any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert: all documents or tangible things that have been provided to, reviewed by, or prepared for the testifying expert.

   RESPONSE:

24. Pursuant to Texas Rule of Evidence 609(f), provide all documents evidencing conviction of a crime which you intend to use as evidence to impeach any party or witness.

   RESPONSE:

25. All indemnity agreements in effect at the time of Plaintiffs' claim between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit.

   RESPONSE:

Electronically Submitted
6/23/2017 7:23 PM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-2638-D**

26.   All contracts in effect at the time of Plaintiffs' claim between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit.

RESPONSE:

27.   All confidentiality agreements and/or instructions regarding confidentiality in effect at the time of Plaintiffs' claim between Defendant and any person(s) and/or entity(ies) who the claim made the basis of the Lawsuit.

RESPONSE:

28.   All documents between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit regarding document retention policy in effect at the time of Plaintiffs' claim.

RESPONSE:

29.   To the extent the claim involves rescinding of the policy, all documents regarding Defendant's standards for investigating and rescinding and/or voiding a policy.

RESPONSE:

Electronically Submitted
6/23/2017 7:23 PM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-2638-D**

## INTERROGATORIES TO ADJUSTER, DEMIAN J. KOLB

1.  Identify all email accounts, email addresses, and/or any alias or code used to identify you and used for any communication relating to your work handling hail and/or windstorm claims arising out of Hidalgo County hail storms occurring on or about The date of loss made the basis of this suit. This request is limited only to the carrier of the claim that is the subject of this Lawsuit.

    RESPONSE:

2.  Identify generally the training or experience you had in adjusting hail and/or windstorm damage and any specific training you had for this storm prior to your handling of claim made the basis of this Lawsuit.

    RESPONSE:

3.  Identify any degrees, Texas insurance licenses (unless you qualified for adjusting claims in Texas on an emergency basis, then list any insurance licenses you held from other states) or certifications you had at the time you handled the claim made the basis of this Lawsuit.

    RESPONSE:

4.  Explain how you were compensated and by whom for your work on claims arising out of Hidalgo County hail storms occurring on or about The date of loss made the basis of this suit, stating the amount you were compensated per claim, per day, and/or per week and identifying any bonus or incentive plans. To the extent the produced personnel file includes a compensation schedule, you may refer to such personnel file.

    RESPONSE:

5.  State whether you are fluent in Spanish and whether you had any communication relating to the claim made the basis of this Lawsuit in Spanish. If you are not fluent in Spanish, state whether you are proficient in Spanish to communicate to adjust a claim.

    RESPONSE:

Electronically Submitted
6/23/2017 7:23 PM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-2638-D**

6. Identify the following dates:

   a. The date you first obtained an adjuster license in the State of Texas;
   b. The first date you were hired/retained by the insurance company defendant or any other defendant in this Lawsuit to adjust property damage claims;
   c. The date you were first assigned to handle Hidalgo County hail claims occurring on or about The date of loss made the basis of this suit;
   d. The date you closed your file on the claim made the basis of this Lawsuit; and
   e. The last date you worked on any Hidalgo County hail claim occurring on or about The date of loss made the basis of this suit.

   RESPONSE:


7. Describe in detail each inspection you conducted of the Property made the basis of this Lawsuit, identifying:
   a. The name and job title of any person who inspected the Property with you;
   b. The date of each inspection;
   c. The purpose of each inspection;
   d. The length of time of each inspection;
   e. The equipment or tools used during each inspection;
   f. The areas of the Property inspected (i.e. roof, attic, individual rooms, exterior); and
   g. Any documents generated during or as a result of each inspection, including the persons and/or entities in possession of those documents.

   RESPONSE:


8. Following the inspection(s), did You engage in any additional communications (*e.g.,* telephone, in person, written communication) with Plaintiff(s)? If yes, provide the following information:

   a. the date of such communication(s);
   b. the manner of such communication(s);
   c. the person to whom You communicated;
   d. the reason for the communication(s);
   e. for any telephonic communication(s), identify who initiated the phone call, and the telephone number from which you called or on which you received the call; and
   f. the general substance of the communication.

   RESPONSE:


9. Identify and describe all damage you observed during your inspection(s) of the claim made the basis of this Lawsuit. To the extent the damage you observed during your inspection is reflected in scope notes and photographs, you can refer Plaintiffs to such scope notes and/or photographs.

   RESPONSE:

Electronically Submitted
6/23/2017 7:23 PM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-2638-D**

10. For all damage observed at the Property or reflected in your scope notes and/or photographs, state what your believe to be the cause of the damage, describing the investigatory steps you took to determine the cause, and identify all person(s) and/or entity(ies) that provided information or participated in that determination.

   RESPONSE:

11. To the extent you applied or recommended policy exclusions, identify all exclusions under the Policy applied to the claim made the basis of this Lawsuit, and for each exclusion applied or recommended, state the factual reason(s) that the exclusion was applied or recommended.

   RESPONSE:

12. Identify the information you used to determine and how you calculated the amount of depreciation that you applied to any damage categories included in any estimates you prepared and/or approved on the claim made the basis of this Lawsuit.

   RESPONSE:

13. How did you determine whether you would or would not apply overhead and profit (O&P) to Plaintiffs' claim?

   RESPONSE:

14. Identify all documents that you relied upon in the adjustment of the claim made the basis of this Lawsuit. For each document, identify who provided the document.

   RESPONSE:

15. Identify all documents or information you requested from Plaintiff during the investigation of the claim made the basis of this Lawsuit, the date the request was made, the person who communicated the request, and the Plaintiff(s) who received the request.

   RESPONSE:

16. Identify all documents or items in your possession related to the claim made the basis of this Lawsuit that you did not submit to the insurance company and/or adjusting company assigned to this claim.

   RESPONSE:

Electronically Submitted
6/23/2017 7:23 PM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-2638-D**

17.    To the extent you are aware, identify all documents or items that were altered, revised, changed or removed from the documents or information you provided the insurance company or adjusting company relating to the claim made the basis of this Lawsuit.

       RESPONSE:

18.    Identify and describe any training, guidance or instruction provided to you by any person and/or entity regarding the handling of claims arising out of the Hidalgo County hail storms occurring on or about The date of loss made the basis of this suit.

       RESPONSE:

Electronically Submitted
6/23/2017 7:23 PM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-2638-D**

## REQUESTS FOR PRODUCTION TO ADJUSTER, DEMIAN J. KOLB

1.     All documents related to Plaintiff(s), the Property, the Policy, and/or the claim made the basis of this Lawsuit.

       RESPONSE:

2.     All licenses or certifications that are identified in response to Interrogatory Number 3.

       RESPONSE:

3.     All training documents you have for adjusting hail and/or windstorm claims. This request is limited to the past 2 years.

       RESPONSE:

4.     All applications you submitted (or submitted on your behalf) for purposes of obtaining a license to adjust claims in the State of Texas that were in effect at the time of the Hidalgo County hail claims occurring on or about The date of loss made the basis of this suit.

       RESPONSE:

5.     All resumes for the last five (5) years.

       RESPONSE:

6.     All applications for employment you submitted for purposes of obtaining employment as an adjuster and/or claims handler in the State of Texas. This request is limited to the five (5) years preceding the Hidalgo County hail storms occurring on or about The date of loss made the basis of this suit.

       RESPONSE:

7.     All documents you relied upon in the adjustment of the claim made the basis of this Lawsuit.

       RESPONSE:

28

Electronically Submitted
6/23/2017 7:23 PM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-2638-D**

8.    To the extent you made a determination or recommendation regarding depreciation, all documents relating to the application of depreciation on a homeowners property claim in the State of Texas for the past two (2) years.

    RESPONSE:

9.    To the extent you made a determination or recommendation regarding overhead and profit, all documents relating to the application of overhead and profit on a homeowners property claim in the State of Texas for the past two (2) years.

    RESPONSE:

10.   All documents or items in your possession related to the claim made the basis of this Lawsuit that you did not submit to the insurance company and/or adjusting company assigned to this claim.

    RESPONSE:

11.   All documents meant to instruct, advise, or guide the handling or adjusting hail and/or windstorm claims in the State of Texas for the last 2 years.

    RESPONSE:

12.   All training manuals in effect at the time of Plaintiffs' claim used for software programs utilized in the claim made the basis of this lawsuit.

    RESPONSE:

13.   All documents relating to any performance reviews or evaluations by the carrier of the underlying claim, whether formal or informal, regarding your handling of claims arising out of the Hidalgo County hail storms occurring on or about The date of loss made the basis of this suit.

    RESPONSE:

14.   All documents relating to any Texas Department of Insurance complaints made against you by an insured related to claims arising out of the Hidalgo County hail storms occurring on or about The date of loss made the basis of this suit.

    RESPONSE:

Electronically Submitted
6/23/2017 7:23 PM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-2638-D**

15. All contracts, indemnity agreements, and/or confidentiality agreements between you and the adjusting company and/or insurance company in effect during the handling of claims arising out of the Hidalgo County hail storms occurring on or about The date of loss made the basis of this suit.

    RESPONSE:

16. All price lists used by you in handling claims arising out of the Hidalgo County hail storms occurring on or about The date of loss made the basis of this suit. To the extent the pricelist is an unmodified pricelist from a third party, you can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

    RESPONSE:

17. All weather reports regarding wind and/or hail relied upon by you in handling claims arising out of the Hidalgo County hail storms occurring on or about The date of loss made the basis of this suit.

    RESPONSE:

18. All correspondence to or from the adjusting company and/or the insurance company that issued the policy regarding modifying/modifications to the unit price cost and the price list you used in handling claims arising out of the Hidalgo County hail storms occurring on or about The date of loss made the basis of this suit.

    RESPONSE:

Electronically Submitted
6/23/2017 7:23 PM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-2638-D**

## INTERROGATORIES TO DEFENDANT ADJUSTING COMPANY (BRUSH COUNTRY)

1. Identify the name, address, job title, dates of employment, job description, and role in the claim made the basis of this Lawsuit, if any, for all persons providing information for the answers to these interrogatories

   ANSWER:

2. Identify all internal email or electronic communication systems that were used by Defendant and any employee of Defendant handling claims for Defendant to communicate regarding the Hidalgo County hail claims occurring on or about The date of loss made the basis of this suit.

   ANSWER:

3. Identify all email lists and/or groups used for the purpose of communicating with group(s) of person(s) or entity(ies) handling Hidalgo County hail and/or windstorm claims for the adjusting firm generally or the defendant insurer generally. Examples of responsive information include "Claims@InsuranceCompany.com" or CAT@InsuranceCompany.com.

   ANSWER:

4. State the total number of Hidalgo County hail claims occurring on or about The date of loss made the basis of this suit that were reported to Defendant, identifying the number reported in each month. To the extent this information is reflected in a document produced to Plaintiffs, Defendant can refer to such document.

   ANSWER:

5. State the total number of claims personnel employed by Defendant (directly or indirectly) to handle any aspect of Hidalgo County hail storms occurring on or about The date of loss made the basis of this suit. To the extent this information is reflected in a document produced to Plaintiffs, Defendant can refer to such document.

   ANSWER:

6. Identify all estimating software (including the manufacturer and version) used by Defendant or any person(s) or entity(ies) hired by Defendant adjusting claims on behalf of defendant insurer arising out of the Hidalgo County hail storms occurring on or about The date of loss made the basis of this suit.

   ANSWER:

Electronically Submitted
6/23/2017 7:23 PM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-2638-D**

7.    Identify the estimating software used to prepare any estimates for the claim made the basis of this Lawsuit.

      ANSWER:

8.    Identify all seminars, continuing education classes and/or training classes held by Defendant that related to handling of claims arising out of the Hidalgo County hail storms occurring on or about The date of loss made the basis of this suit. For each seminar and/or training session, identify the date, time and location.

      ANSWER:

9.    Identify all price lists used by Defendant for the handling of claims assigned by Defendants insurer arising out of the Hidalgo County hail storms occurring on or about The date of loss made the basis of this suit. For each price list, identify the manufacturer, version, date and geographical area.

      ANSWER:

10.   Identify all price lists used to prepare all estimates on the claim made the basis of this Lawsuit, stating the manufacturer, version, date and geographical area. For any price list developed by a third party vendor, identify any additions, deletions, alterations or modifications made by Defendant, describing the change and purpose of the change for preparing an estimate on the claim made the basis this Lawsuit.

      ANSWER:

11.   If Defendant created or modified any price list that applied to more than one claim for the handling of claims arising out of the Hidalgo County hail storms occurring on or about The date of loss made the basis of this suit, describe the process used to create each price list, identifying the author, person(s) participating, version, date and geographical area.

      ANSWER:

12.   In general, state Defendant's criteria for determining the applicability of overhead and profit, identifying categories of items that were excluded from the application of overhead and profit in the preparation of estimates for claims arising out of the Hidalgo County hail storms occurring on or about The date of loss made the basis of this suit.

      ANSWER:

Electronically Submitted
6/23/2017 7:23 PM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-2638-D**

13. State Defendant's general criteria and methodology used in determining whether and how to apply depreciation to labor and/or materials for claims arising out of the Hidalgo County hail storms occurring on or about The date of loss made the basis of this suit.

ANSWER:

14. State Defendant's criteria for determining whether to apply sales tax to labor and materials, identifying categories of items that were excluded from the application of sales tax in the preparation of estimates for claims arising out of Hidalgo County hail storms occurring on or about The date of loss made the basis of this suit.

ANSWER:

15. Following the inspection(s), did You engage in any additional communications (*e.g.,* telephone, in person, written communication) with the Plaintiffs?   If yes, provide the following information:

   a.  the date of such communication(s);
   b.  the manner of such communication(s);
   c.  the person to whom You communicated;
   d.  the reason for the communication(s);
   e.  for any telephonic communication(s), identify who initiated the phone call, and the telephone number from which you called or on which you received the call; and
   f.  the general substance of the communication.

ANSWER:

16. State the total number of Spanish speaking individuals Defendant employed to handle Hidalgo County hail and/or windstorms claims arising out of Hidalgo County hail storms occurring on or about The date of loss made the basis of this suit identifying each individual by name, job title and dates of employment for each person who handled the claim made the basis of this lawsuit.

ANSWER:

17. To the extent you are aware, identify all documents or items that were altered, revised, changed or removed from the documents or information you provided the insurance company relating to the claim made the basis of this Lawsuit.

ANSWER:

Electronically Submitted
6/23/2017 7:23 PM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-2638-D**

## REQUESTS FOR PRODUCTION TO ADJUSTING COMPANY (BRUSH COUNTRY)

1.  All documents relating to the Plaintiff, the Property, and the claim made the basis of this Lawsuit.

    RESPONSE:

2.  All documents meant to instruct, advise, guide, inform, educate, assist or reference material made available for review or provided to Defendant by the defendant insurance company relating to the handling of claims for Hidalgo County hail and/or windstorms occurring in 2012.

    RESPONSE:

3.  Your non-insurer specific written procedures or policies (including document(s) maintained in electronic form) that pertain to the handling of windstorm and/or hail claims in Texas from September 1, 2010 to September 1, 2012.

    RESPONSE:

4.  Produce a copy of all price lists used to prepare any estimates for the claim made the basis of this Lawsuit. To the extent the pricelist is an unmodified pricelist from a third party, you can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

    RESPONSE:

5.  All documents relating to pricing of labor and/or materials, and/or any price list for Hidalgo County hail claims used in the adjustment of the defendant insurer's claims occurring on or about The date of loss made the basis of this suit. To the extent the pricelist is an unmodified pricelist from a third party, you can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

    RESPONSE:

Electronically Submitted
6/23/2017 7:23 PM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-2638-D**

6.    An organizational chart, diagram, or list reflecting each person, department, division, and/or section of Defendant's company that handled claims arising out of the Hidalgo County hail storms occurring on or about The date of loss made the basis of this suit.

RESPONSE:


7.    All documents reflecting requests for information, reports, and/or status on all Hidalgo County hail and/or windstorm claims assigned to Defendant by the defendant insurance company.

RESPONSE:


8.    As required by the Texas Department of Insurance, provide a list of all complaints made against Defendant regarding claims arising out of the Hidalgo County hail storms occurring on or about The date of loss made the basis of this suit.

RESPONSE:


9.    A complete copy the personnel file related to performance (excluding medical and retirement information) for all people and their managers and/or supervisors who directly handled the claim made the basis of this Lawsuit, including all documents relating to applications for employment, former and current resumes, last known address, job title, job descriptions, reviews, evaluations, and all drafts or versions of requested documents. This request is limited to the past 5 years.

RESPONSE:


10.    All documents reflecting amounts billed to or payments received from the defendant insurance company for any services provided by Defendant on Hidalgo County hail storms occurring on or about The date of loss made the basis of this suit. A summary is acceptable in lieu of actual invoices or payments.

RESPONSE:

Electronically Submitted
6/23/2017 7:23 PM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-2638-D**

11.     All documents identifying generalized problems regarding claims handling, concerns, lessons learned, remedial measures, etc. analyzing Defendant's, adjuster's and/or adjusting company's handling of the Hidalgo County hail claims occurring on or about The date of loss made the basis of this suit.

RESPONSE:

12.     All instructions regarding how to use the computer programs utilized by adjusters for estimating and adjusting Hidalgo County hail claims assigned by Defendant insurer occurring on or about The date of loss made the basis of this suit on behalf of Defendant.

RESPONSE:

13.     All indemnity agreements in effect at the time of Plaintiffs' claim between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit.

RESPONSE:

14.     All contracts in effect at the time of Plaintiffs' claim between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit.

RESPONSE:

15.     All confidentiality agreements and/or instructions regarding confidentiality in effect at the time of Plaintiffs' claim between Defendant and any person(s) and/or entity(ies) who the claim made the basis of the Lawsuit.

RESPONSE:

16.     All documents regarding the generalized assessment, review, evaluation and/or summary of Defendant's handling of Hidalgo County hail claims occurring on or about The date of loss made the basis of this suit.

RESPONSE:

Electronically Submitted
6/23/2017 7:23 PM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-2638-D**

17.   All XactAnalysis and/or Simsol management reports regarding claims arising out of the Hidalgo County hail storms occurring on or about The date of loss made the basis of this suit. Defendant may redact names and any other identifying information of insureds unrelated to this lawsuit.

RESPONSE:

18.   All documents relating to weather data general in nature which applies to more than one claim in Defendant's possession for Hidalgo County hail storm claims occurring on or about The date of loss made the basis of this suit.

RESPONSE:

19.   All documents sent by the defendants adjusting firm to and receive by the adjusting defendant firm the Texas Department of Insurance, the Texas Insurance Commissioner and/or their agents, relating to the handling of hail and/or windstorm claims within the last three (3) years. This request includes all bulletins received by Defendant.

RESPONSE:

20.   Any documents and/or summaries that show the average amount paid per claim per adjuster claims arising out of the Hidalgo County hail storms occurring on or about The date of loss made the basis of this suit.

RESPONSE:

21.   Any documents and/or summaries that show the average amount paid per roof per adjuster for claims arising out of the Hidalgo County hail storms occurring on or about The date of loss made the basis of this suit.

RESPONSE:

22.   Any documents and/or summaries that show the average amount paid for overhead and profit for claims arising out of the Hidalgo County hail storms occurring on or about The date of loss made the basis of this suit.

37

Electronically Submitted
6/23/2017 7:23 PM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-2638-D**

RESPONSE:

23.     Any documents and/or summaries that show the average amount paid for overhead and profit per adjuster for claims arising out of the Hidalgo County hail storms occurring on or about The date of loss made the basis of this suit..

RESPONSE:

24.     Any documents and/or summaries that show the average percentage of depreciation applied to claims arising out of the Hidalgo County hail storms occurring on or about The date of loss made the basis of this suit.

RESPONSE:

25.     Any documents and/or summaries that show the average percentage of depreciation applied to roofs for claims arising out of the Hidalgo County hail storms occurring on or about The date of loss made the basis of this suit.

RESPONSE:

26.     Any documents and/or summaries that show the average percentage of depreciation applied to sheetrock for claims arising out of the Hidalgo County hail storms occurring on or about The date of loss made the basis of this suit.

RESPONSE:

27.     Any documents and/or summaries that show the average percentage of depreciation applied to carpet for claims arising out of the Hidalgo County hail storms occurring on or about The date of loss made the basis of this suit.

RESPONSE:

Electronically Submitted
6/23/2017 7:23 PM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-2638-D**

28.  Any documents and/or summaries that show the average percentage of depreciation applied to paint for claims arising out of the Hidalgo County hail storms occurring on or about The date of loss made the basis of this suit.

RESPONSE:

29.  Any documents and/or summaries that show the average percentage of depreciation applied to labor for claims arising out of the Hidalgo County hail storms occurring on or about The date of loss made the basis of this suit.

RESPONSE:

30.  A document showing the total number of claims arising out of the Hidalgo County hail storms occurring on or about The date of loss made the basis of this suit that were reported to Defendant.

RESPONSE:

Electronically Submitted
6/23/2017 7:23 PM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-2638-D**

## REQUESTS FOR PRODUCTION TO DEFENDANTS, MCCLELLAND AND HINE, INC. AND SANDRA ZAMORA INSURANCE AGENCY, LLC, INDIVIDUALLY

1. Produce the complete unredacted underwriting file pertaining to the property made the basis of this suit.

2. Produce the application for insurance pertaining to the property made the basis of this suit.

3. Produce any documents signed by the Plaintiff reflecting any agreement to reduce the amount of coverage necessary to insure the property to its full value.

4. Produce any documents in your possession, custody or control pertaining to the property made the basis of this suit as they relate to this lawsuit.

Electronically Submitted
6/23/2017 7:23 PM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-2638-D**

## PLAINTIFF'S REQUESTS FOR DISCLOSURE TO ALL DEFENDANTS

Pursuant to Texas Rule of Civil Procedure 194, you are hereby requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2(a)-(k), as described below:

(a)    the correct names of the parties to the lawsuits;

(b)    the name, address, and telephone number of any potential parties;

(c)    the legal theories and, in general, the factual basis of Plaintiff's claims;

(d)    the amount and any method of calculating economic damages;

(e)    the name, address and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

(f)    for any testifying expert:

    (1)    the expert's name, address and telephone number;

    (2)    the subject matter on which the expert will testify;

    (3)    the general substance of the expert's mental impressions and opinions and a brief summary of the basis of them, or if the expert is not retained by, employed, or otherwise subject to the control of Plaintiff, documents reflecting such information;

    (4)    if the expert is retained, employed by or otherwise subject to the control of Plaintiff:

        (A)    all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony;

        (B)    the expert's current resume and bibliography;

(g)    any indemnity or insuring agreements;

(h)    any settlement agreements, described in Rule 192.3(g);

(i)    any witness statements, described in Rule 192.3(h);

(j)    all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

(k)    all medical records and bills obtained by the responding party by the responding party by virtue of an authorization furnished by the requesting party.

I.

In accordance with Texas Rule of Civil Procedure 194.3, please serve written responses

within fifty (50) days after service of this request.

II.

In compliance with Rule 194.4 of the Texas Rules of Civil Procedure, please produce

responsive documents to the Pennebaker Law Firm, a Professional Corporation, 1045 Cheever

Blvd., Suite 103, San Antonio, Texas 78217.

41

Electronically Submitted
6/23/2017 7:23 PM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-2638-D**

Respectfully submitted,

PENNEBAKER LAW FIRM
A Professional Corporation
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
Telephone:     (210) 562-2888
Telecopier:    (210) 562-2880

By: _____

      DOUGLAS E. PENNEBAKER
      State Bar No. 00788178
**Lead counsel email:  Doug@pennebakerlaw.com**
ATTORNEY FOR PLAINTIFFS
AND
WILLIE MCALLEN
State Bar No. 24047468
MICHAEL R. DE LEON
State Bar No. 24055389

# CIVIL CASE INFORMATION SHEET
## CL-17-2638-D

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____   COURT *(FOR CLERK USE ONLY):* _____

STYLED: **ROBERTO MONTES BURGOS vs. GREAT LAKES REINSURANCE (U.K.) SE, DEMIAN J. KOLB, BRUSH COUNTRY CLAIMS, LTD., MCCLELLAND AND HINE, INC., AND, SANDRA ZAMORA INSURANCE AGENCY, LLC**
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br>Douglas E. Pennebaker | Email:<br>Doug@pennebakerlaw.com | Plaintiff(s)/Petitioner(s):<br><br>**ROBERTO MONTES BURGOS** | ☒ Attorney for Plaintiff/Petitioner<br>☐ *Pro Se* Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: _____ |
| Address:<br>1045 Cheever Blvd., Suite 103 | Telephone:<br>210-562-2888 | Defendant(s)/Respondent(s):<br><br>**GREAT LAKES REINSURANCE (U.K.) SE, DEMIAN J. KOLB, BRUSH COUNTRY CLAIMS, LTD., MCCLELLAND AND HINE, INC., AND, SANDRA ZAMORA INSURANCE AGENCY, LLC** | Additional Parties in Child Support Case:<br><br>Custodial Parent:<br>_____<br>Non-Custodial Parent:<br>_____<br>Presumed Father:<br>_____ |
| City/State/Zip:<br>San Antonio, TX 78217 | Fax:<br>210-562-2880 | | |
| Signature: | State Bar No:<br>00788178 | _[Attach additional page as necessary to list all parties] | |

**2. Indicate case type, or identify the most important issue in the case *(select only 1):***

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☒ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract:<br><br>*Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract:<br>_____ | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>☐ Accounting<br>☐ Legal<br>☐ Medical<br>☐ Other Professional<br>  Liability: _____<br>☐ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>☐ Asbestos/Silica<br>☐ Other Product Liability<br>  List Product:<br><br>☐ Other Injury or Damage:<br>_____ | ☐ Eminent Domain/<br>  Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property:<br>_____<br><br>**Related to Criminal Matters**<br>☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus—<br>  Pre-indictment<br>☐ Other: _____ | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>☐ With Children<br>☐ No Children<br><br><br>**Other Family Law**<br>☐ Enforce Foreign<br>  Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities<br>  of Minority<br>☐ Other: _____ | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other<br>**Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order<br><br>**Parent-Child Relationship**<br>☐ Adoption/Adoption with<br>  Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Paternity/Parentage<br>☐ Termination of Parental<br>  Rights<br>☐ Other Parent-Child:<br>_____ |
| **Employment** | **Other Civil** | | | |
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment:<br>_____ | ☐ Administrative Appeal<br>☐ Antitrust/Unfair<br>  Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: _____ | | |
| **Tax** | **Probate & Mental Health** | | | |
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: _____ | | |

**3. Indicate procedure or remedy, if applicable *(may select more than 1):***

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☐ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-judgment | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☐ Temporary Restraining Order/Injunction<br>☐ Turnover |

## CAUSE NO. CL-17-2638-D

THE STATE OF TEXAS
COUNTY OF HIDALGO

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you."

    To:    GREAT LAKES REINSURANCE (U.K.) SE
            COMMISSIONER OF INSURANCE TDI
            333 GUADALUPE ST
            AUSTIN TX 78701

GREETINGS: YOU ARE HEREBY COMMANDED TO APPEAR by filing a written answer to the Plaintiff's petition at or before 10 o'clock A.M. on or before the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable County Court At Law #4 of Hidalgo County, Texas, by and through the Hidalgo County Clerk at 100 N. Closner, Edinburg, Texas 78539.

Said Plaintiff's Petition was filed in said Court, on the 23rd day of June, 2017 in this Cause Numbered CL-17-2638-D on the docket of said Court, and styled,

### ROBERTO MONTES BURGOS
**vs.**
### GREAT LAKES REINSURANCE (U.K.) SE; DEMIAN J. KOLB; BRUSH COUNTRY CLAIMS, LTD; MCCLELLAND AND HINE, INC.; SANDRA ZAMORA INSURANCE AGENCY

       The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's ORIGINAL petition accompanying this Citation and made a part hereof.

NAME & ADDRESS OF ATTORNEY FOR PLAINTIFF:
        DOUGLAS E. PENNEBAKER
        PENNEBAKER LAW FIRM
        1045 CHEEVER BLVD SUITE 103
        SAN ANTONIO TX 78217

       The officer executing this citation shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

       ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at Edinburg, Texas this 26th day of June, 2017.

                    ARTURO GUAJARDO, JR.
                    COUNTY CLERK, HIDALGO COUNTY, TEXAS
                    100 N. CLOSNER
                    EDINBURG, TEXAS 78539
                    COUNTY COURT AT LAW #4

                    BY _____ DEPUTY
                       NORMA HARLOW

# EXHIBIT C-3

SHERIFF'S/CONSTABLE'S/CIVIL PROCESS

SHERIFF'S RETURN
    Came to hand on the _____ day of _____, 20 _____, at _____ o'clock _____ M., by
Deputy (Sheriff/Constable)/Civil Process Server and to-wit the following:

DEFENDANT SERVED

    Service was EXECUTED on the above referenced Defendant, in person, in Hidalgo County, Texas and served with a true
copy of this Citation, with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Petition, at the
following
Date, time, and place, to-wit:

    NAME _____ DATE _____ TIME _____ PLACE _____

By: _____      By: _____
      CIVIL PROCESS SERVER             DEPUTY SHERIFF/CONSTABLE

**DEFENDANT NOT SERVED**
    Service was ATTEMPTED at the above address on the above referenced Defendant on the following date(s) and time(s), but
to no avail:

    NAME _____ DATE _____ TIME _____ PLACE _____

    NAME _____ DATE _____ TIME _____ PLACE _____

    NAME _____ DATE _____ TIME _____ PLACE _____

By; _____      By: _____
      CIVIL PROCESS SERVER             DEPUTY SHERIFF/CONSTABLE

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF,
### CONSTABLE OR CLERK OF THE COURT

In accordance to rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return.  If the return
is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the
penalty of perjury.  A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____and my address is

_____. I declare under penalty of perjury that the foregoing is true and correct

EXECUTED in _____County, state of Texas, on the ___ day of _____, 20____.

_____
DECLARANT

_____
If Certified by the Supreme Court of Texas
Date of Expiration /SCH Number



ARTURO GUAJARDO, JR.
HIDALGO COUNTY CLERK
100 N CLOSNER
PO BOX 58
EDINBURG, TX 78540-0058



9269 3901 0661 5400 0108 6654 16

**RETURN RECEIPT (ELECTRONIC)**

cl-17-2638-d                                    **RESTRICTED DELIVERY**

GREAT LAKES REINSURANCE (U.K)
COMMISSIONER OF INSURANCE TDI
333 GUADALUPE ST
**AUSTIN, TX 78701-3938**

---
CUT / FOLD HERE

---
6"X9" ENVELOPE
CUT / FOLD HERE

---
CUT / FOLD HERE

**CAUSE NO. CL-17-2638-D**

THE STATE OF TEXAS
COUNTY OF HIDALGO

 NOTICE TO DEFENDANT: "You have been sued.  You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you."

>    To:   DEMIAN J. KOLB
>          C/O COLB ADJUSTING INC
>          3017 42ND ST
>          LUBBOCK TX  79413

GREETINGS: YOU ARE HEREBY COMMANDED TO APPEAR by filing a written answer to the Plaintiff's petition at or before 10 o'clock A.M.  on or before the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable County Court At Law #4 of Hidalgo County, Texas, by and through the Hidalgo County Clerk at 100 N. Closner, Edinburg, Texas 78539.

 Said Plaintiff's Petition was filed in said Court, on the 23rd day of June, 2017 in this Cause Numbered CL-17-2638-D on the docket of said Court, and styled,

**ROBERTO MONTES BURGOS**
vs.
**GREAT LAKES REINSURANCE (U.K.) SE; DEMIAN J. KOLB; BRUSH COUNTRY CLAIMS, LTD; MCCLELLAND AND HINE, INC.; SANDRA ZAMORA INSURANCE AGENCY**

    The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's ORIGINAL petition accompanying this Citation and made a part hereof.

    NAME & ADDRESS OF ATTORNEY FOR PLAINTIFF:
        DOUGLAS E. PENNEBAKER
        PENNEBAKER LAW FIRM
        1045 CHEEVER BLVD SUITE 103
        SAN ANTONIO TX  78217

    The officer executing this citation shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

    ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at Edinburg, Texas this 26th day of June, 2017.

                                        ARTURO GUAJARDO, JR.
                                        COUNTY CLERK, HIDALGO COUNTY, TEXAS
                                        100 N. CLOSNER
                                        EDINBURG, TEXAS 78539
                                        COUNTY COURT AT LAW #4

                                        BY _____ DEPUTY
                                            NORMA HARLOW

**EXHIBIT C-4**

SHERIFF'S/CONSTABLE'S/CIVIL PROCESS

SHERIFF'S RETURN
    Came to hand on the _____ day of _____, 20 ____, at _____ o'clock _____ M., by
Deputy (Sheriff/Constable)/Civil Process Server and to-wit the following:

DEFENDANT SERVED

    Service was EXECUTED on the above referenced Defendant, in person, in Hidalgo County, Texas and served with a true copy of this Citation, with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Petition, at the following
Date, time, and place, to-wit:

    NAME _____ DATE _____ TIME _____ PLACE _____

By: _____      By: _____
        CIVIL PROCESS SERVER                   DEPUTY SHERIFF/CONSTABLE

**DEFENDANT NOT SERVED**
    Service was ATTEMPTED at the above address on the above referenced Defendant on the following date(s) and time(s), but to no avail:

    NAME _____ DATE _____ TIME _____ PLACE _____

    NAME _____ DATE _____ TIME _____ PLACE _____

    NAME _____ DATE _____ TIME _____ PLACE _____

By; _____      By: _____
        CIVIL PROCESS SERVER                  DEPUTY SHERIFF/CONSTABLE

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT

In accordance to rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____and my address is

_____. I declare under penalty of perjury that the foregoing is true and correct

EXECUTED in _____County, state of Texas, on the ___ day of _____, 20____.

_____
DECLARANT

_____
If Certified by the Supreme Court of Texas
Date of Expiration /SCH Number



ARTURO GUAJARDO, JR.
HIDALGO COUNTY CLERK
100 N CLOSNER
PO BOX 58
EDINBURG, TX 78540-0058



**9269 3901 0661 5400 0108 6655 39**

**RETURN RECEIPT (ELECTRONIC)**

cl-17-2638-d                                        **RESTRICTED DELIVERY**

DEMIAN J KOLB
C/O COLB ADJUSTING INC
3017 42ND ST
**LUBBOCK, TX  79413-3106**

........................................................................................................................................................
CUT / FOLD HERE

........................................................................................................................................................
6"X9" ENVELOPE
CUT / FOLD HERE

........................................................................................................................................................
CUT / FOLD HERE

IMpbCertified8x5Label v2017.04.26.92

**CAUSE NO. CL-17-2638-D**

THE STATE OF TEXAS
COUNTY OF HIDALGO

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you."

To:    BRUSH COUNTRY CLAIMS, LTD
       RICHARD W MYERS
       508 CEDAR DRIVE
       GEORGETOWN TX  78628

GREETINGS: YOU ARE HEREBY COMMANDED TO APPEAR by filing a written answer to the Plaintiff's petition at or before 10 o'clock A.M.  on or before the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable County Court At Law #4 of Hidalgo County, Texas, by and through the Hidalgo County Clerk at 100 N. Closner, Edinburg, Texas 78539.

Said Plaintiff's Petition was filed in said Court, on the 23rd day of June, 2017 in this Cause Numbered CL-17-2638-D on the docket of said Court, and styled,

**ROBERTO MONTES BURGOS**
**vs.**
**GREAT LAKES REINSURANCE (U.K.) SE; DEMIAN J. KOLB; BRUSH COUNTRY CLAIMS, LTD;**
**MCCLELLAND AND HINE, INC.; SANDRA ZAMORA INSURANCE AGENCY**

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's ORIGINAL petition accompanying this Citation and made a part hereof.

NAME & ADDRESS OF ATTORNEY FOR PLAINTIFF:
       DOUGLAS E. PENNEBAKER
       PENNEBAKER LAW FIRM
       1045 CHEEVER BLVD SUITE 103
       SAN ANTONIO TX  78217

The officer executing this citation shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at Edinburg, Texas this 26th day of June, 2017.

ARTURO GUAJARDO, JR.
COUNTY CLERK, HIDALGO COUNTY, TEXAS
100 N. CLOSNER
EDINBURG, TEXAS 78539
COUNTY COURT AT LAW #4

BY _____ DEPUTY
       NORMA HARLOW

**EXHIBIT C-5**

SHERIFF'S/CONSTABLE'S/CIVIL PROCESS

SHERIFF'S RETURN
     Came to hand on the _____ day of _____, 20 _____, at _____ o'clock _____ M., by
Deputy (Sheriff/Constable)/Civil Process Server and to-wit the following:

DEFENDANT SERVED

     Service was EXECUTED on the above referenced Defendant, in person, in Hidalgo County, Texas and served with a true copy of this Citation, with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Petition, at the following
Date, time, and place, to-wit:

     NAME _____ DATE _____ TIME _____ PLACE _____


By: _____     By: _____
        CIVIL PROCESS SERVER               DEPUTY SHERIFF/CONSTABLE

**DEFENDANT NOT SERVED**
     Service was ATTEMPTED at the above address on the above referenced Defendant on the following date(s) and time(s), but to no avail:

     NAME _____ DATE _____ TIME _____ PLACE _____

     NAME _____ DATE _____ TIME _____ PLACE _____

     NAME _____ DATE _____ TIME _____ PLACE _____


By; _____     By: _____
        CIVIL PROCESS SERVER               DEPUTY SHERIFF/CONSTABLE

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT

In accordance to rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____and my address is

_____. I declare under penalty of perjury that the foregoing is true and correct

EXECUTED in _____County, state of Texas, on the ____ day of _____, 20____.


_____
DECLARANT


_____
If Certified by the Supreme Court of Texas
Date of Expiration /SCH Number



ARTURO GUAJARDO, JR.
HIDALGO COUNTY CLERK
100 N CLOSNER
PO BOX 58
EDINBURG, TX 78540-0058



9269 3901 0661 5400 0108 6725 37

**RETURN RECEIPT (ELECTRONIC)**

cl-17-2638-d                                        RESTRICTED DELIVERY

BRUSH COUNTY CLAIMS LTD
RICHARD W MYERS
508 CEDAR DR
**GEORGETOWN, TX  78628-4103**

CUT / FOLD HERE

6"X9" ENVELOPE
CUT / FOLD HERE

CUT / FOLD HERE

IMpbCertified8x5Label v2017.04.26.92

## CAUSE NO. CL-17-2638-D

THE STATE OF TEXAS
COUNTY OF HIDALGO

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you."

To:     MCCLELLAND AND HINE, INC.
        AGENT GILBERT C HINE JR
        2202 THOUSAND OAKS SUITE 100
        SAN ANTONIO TX  78270

GREETINGS: YOU ARE HEREBY COMMANDED TO APPEAR by filing a written answer to the Plaintiff's petition at or before 10 o'clock A.M.  on or before the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable County Court At Law #4 of Hidalgo County, Texas, by and through the Hidalgo County Clerk at 100 N. Closner, Edinburg, Texas 78539.

Said Plaintiff's Petition was filed in said Court, on the 23rd day of June, 2017 in this Cause Numbered CL-17-2638-D on the docket of said Court, and styled,

### ROBERTO MONTES BURGOS
#### vs.
### GREAT LAKES REINSURANCE (U.K.) SE; DEMIAN J. KOLB; BRUSH COUNTRY CLAIMS, LTD; MCCLELLAND AND HINE, INC.; SANDRA ZAMORA INSURANCE AGENCY

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's ORIGINAL petition accompanying this Citation and made a part hereof.

NAME & ADDRESS OF ATTORNEY FOR PLAINTIFF:
        DOUGLAS E. PENNEBAKER
        PENNEBAKER LAW FIRM
        1045 CHEEVER BLVD SUITE 103
        SAN ANTONIO TX  78217

The officer executing this citation shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at Edinburg, Texas this 26th day of June, 2017.

ARTURO GUAJARDO, JR.
COUNTY CLERK, HIDALGO COUNTY, TEXAS
100 N. CLOSNER
EDINBURG, TEXAS 78539
COUNTY COURT AT LAW #4

BY _____ DEPUTY
        NORMA HARLOW

# EXHIBIT C-6

SHERIFF'S/CONSTABLE'S/CIVIL PROCESS

SHERIFF'S RETURN
    Came to hand on the _____ day of _____, 20 ____, at _____ o'clock _____ M., by Deputy (Sheriff/Constable)/Civil Process Server and to-wit the following:

DEFENDANT SERVED

    Service was EXECUTED on the above referenced Defendant, in person, in Hidalgo County, Texas and served with a true copy of this Citation, with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Petition, at the following
Date, time, and place, to-wit:

    NAME _____ DATE _____ TIME _____ PLACE _____

By: _____     By: _____
       CIVIL PROCESS SERVER                   DEPUTY SHERIFF/CONSTABLE

**DEFENDANT NOT SERVED**
    Service was ATTEMPTED at the above address on the above referenced Defendant on the following date(s) and time(s), but to no avail:

    NAME _____ DATE _____ TIME _____ PLACE _____

    NAME _____ DATE _____ TIME _____ PLACE _____

    NAME _____ DATE _____ TIME _____ PLACE _____

By; _____     By: _____
       CIVIL PROCESS SERVER                   DEPUTY SHERIFF/CONSTABLE

## COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT

In accordance to rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____and my address is

_____. I declare under penalty of perjury that the foregoing is true and correct

EXECUTED in _____County, state of Texas, on the ___ day of _____, 20____.

_____
DECLARANT

_____
If Certified by the Supreme Court of Texas
Date of Expiration /SCH Number



ARTURO GUAJARDO, JR.
HIDALGO COUNTY CLERK
100 N CLOSNER
PO BOX 58
EDINBURG, TX 78540-0058

**RETURN RECEIPT (ELECTRONIC)**



9269 3901 0661 5400 0108 6750 02

**cl-17-2638-d mclelland**                    RESTRICTED DELIVERY

MCCLELLAND AND HINE INC
AGENT GILBERT C HINE JR
2202 THOUSAND OAKS DR STE 100
**SAN ANTONIO, TX  76232-3933**

......................................................................................................................................................
CUT / FOLD HERE

......................................................................................................................................................
6"X9" ENVELOPE
CUT / FOLD HERE

......................................................................................................................................................
CUT / FOLD HERE

IMpbCertified8x5Label v2017.04.26.92

## CAUSE NO. CL-17-2638-D

THE STATE OF TEXAS
COUNTY OF HIDALGO

 NOTICE TO DEFENDANT:  "You have been sued.  You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you."

        To:     SANDRA ZAMORA INSURANCE AGENCY
                2013 N CONWAY AVE
                MISSION TX  78572-2965

GREETINGS: YOU ARE HEREBY COMMANDED TO APPEAR by filing a written answer to the Plaintiff's petition at or before 10 o'clock A.M.  on or before the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable County Court At Law #4 of Hidalgo County, Texas, by and through the Hidalgo County Clerk at 100 N. Closner, Edinburg, Texas 78539.

 Said Plaintiff's Petition was filed in said Court, on the 23rd day of June, 2017 in this Cause Numbered CL-17-2638-D on the docket of said Court, and styled,

### ROBERTO MONTES BURGOS
#### vs.
### GREAT LAKES REINSURANCE (U.K.) SE; DEMIAN J. KOLB; BRUSH COUNTRY CLAIMS, LTD; MCCLELLAND AND HINE, INC.; SANDRA ZAMORA INSURANCE AGENCY

        The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's ORIGINAL petition accompanying this Citation and made a part hereof.

        NAME & ADDRESS OF ATTORNEY FOR PLAINTIFF:
                DOUGLAS E. PENNEBAKER
                PENNEBAKER LAW FIRM
                1045 CHEEVER BLVD SUITE 103
                SAN ANTONIO TX  78217

        The officer executing this citation shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

        ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at Edinburg, Texas this 26th day of June, 2017.

                                ARTURO GUAJARDO, JR.
                                COUNTY CLERK, HIDALGO COUNTY, TEXAS
                                100 N. CLOSNER
                                EDINBURG, TEXAS 78539
                                COUNTY COURT AT LAW #4

                        BY _____ DEPUTY
                                NORMA HARLOW

# EXHIBIT C-7

SHERIFF'S/CONSTABLE'S/CIVIL PROCESS

SHERIFF'S RETURN
    Came to hand on the _____ day of _____, 20 _____, at _____ o'clock _____ M., by
Deputy (Sheriff/Constable)/Civil Process Server and to-wit the following:

DEFENDANT SERVED

    Service was EXECUTED on the above referenced Defendant, in person, in Hidalgo County, Texas and served with a true
copy of this Citation, with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Petition, at the
following
Date, time, and place, to-wit:

        NAME _____ DATE _____ TIME _____ PLACE _____


    By: _____          By: _____
            CIVIL PROCESS SERVER                          DEPUTY SHERIFF/CONSTABLE

**DEFENDANT NOT SERVED**
    Service was ATTEMPTED at the above address on the above referenced Defendant on the following date(s) and time(s), but
to no avail:

        NAME _____ DATE _____ TIME _____ PLACE _____

        NAME _____ DATE _____ TIME _____ PLACE _____

        NAME _____ DATE _____ TIME _____ PLACE _____


    By; _____          By: _____
            CIVIL PROCESS SERVER                          DEPUTY SHERIFF/CONSTABLE


### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF,
### CONSTABLE OR CLERK OF THE COURT

In accordance to rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return.  If the return
is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the
penalty of perjury.  A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____and my address is

_____. I declare under penalty of perjury that the foregoing is true and correct

EXECUTED in _____County, state of Texas, on the ___ day of _____, 20____.


_____
DECLARANT


_____
If Certified by the Supreme Court of Texas
Date of Expiration /SCH Number



ARTURO GUAJARDO, JR.
HIDALGO COUNTY CLERK
100 N CLOSNER
PO BOX 58
EDINBURG, TX  78540-0058



9269 3901 0661 5400 0108 6755 07

**RETURN RECEIPT (ELECTRONIC)**

cl-17-2638-d                         **RESTRICTED DELIVERY**

SANDRA ZAMORA INSURANCE AGENCY
2013 N CONWAY AVE
**MISSION, TX  78572-2965**

........................................................................................................................................................................

CUT / FOLD HERE

........................................................................................................................................................................

6"X9" ENVELOPE
CUT / FOLD HERE

........................................................................................................................................................................

CUT / FOLD HERE

IMpbCertified8x5Label v2017.04.26.92



**UNITED STATES POSTAL SERVICE**

Date: June 28, 2017

MAIL MAIL:

The following is in response to your June 28, 2017 request for delivery information on your Certified Mail™RRE/RD item number 9269390106615400108675507.  The delivery record shows that this item was delivered on June 28, 2017 at 10:29 am in MISSION, TX  78572. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service

The customer reference information shown below is not validated or endorsed by the United States Postal Service.  It is solely for customer use.

Reference ID: 9269390106615400108675507
cl-17-2638-d
SANDRA ZAMORA INSURANCE AGENCY
2013 N Conway Ave
Mission, TX  78572-2965

# EXHIBIT C-8



**UNITED STATES**
**POSTAL SERVICE**

Date: June 29, 2017

MAIL MAIL:

The following is in response to your June 29, 2017 request for delivery information on your Certified Mail™RRE/RD item number 9269390106615400108672537.  The delivery record shows that this item was delivered on June 29, 2017 at 1:01 pm in GEORGETOWN, TX  78628. The scanned image of the recipient information is provided below.

Signature of Recipient :     

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service

The customer reference information shown below is not validated or endorsed by the United States Postal Service.  It is solely for customer use.

Reference ID: 9269390106615400108672537
cl-17-2638-d
BRUSH COUNTY CLAIMS LTD
richard w myers
508 Cedar Dr
Georgetown, TX  78628-4103

**EXHIBIT C-9**



**UNITED STATES POSTAL SERVICE**

Date: June 29, 2017

MAIL MAIL:

The following is in response to your June 29, 2017 request for delivery information on your Certified Mail™RRE/RD item number 92693901066154000108675002.  The delivery record shows that this item was delivered on June 29, 2017 at 12:40 pm in SAN ANTONIO, TX  78232. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service

The customer reference information shown below is not validated or endorsed by the United States Postal Service.  It is solely for customer use.

Reference ID: 92693901066154000108675002
cl-17-2638-d mclelland
MCCLELLAND AND HINE INC
agent gilbert c hine jr
2202 Thousand Oaks Dr Ste 100
San Antonio, TX  78232-3933

**EXHIBIT C-10**



ARTURO GUAJARDO, JR.
HIDALGO COUNTY CLERK
100 N CLOSNER
PO BOX 58
EDINBURG, TX 78540-0058

9269 3901 0661 5400 0108 6655 39

**RETURN RECEIPT (ELECTRONIC)**

cl-17-2638-d

RESTRICTED DELIVERY

DEMIAN J.KOLB
C/O COLB ADJUSTING INC
3017 42ND ST
LUBBOCK, TX 79413-3106

CUT / FOLD HERE

NIXIE    731    6E 1    0107/06/17

RETURN TO SENDER
NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD

BC:    7854005858    2326N18717171-02431

RECEIVED

JUL 1 0 2017

Hidalgo County Clerk's Office

JTF

# EXHIBIT C-11

Electronically Submitted
7/13/2017 5:42 PM
Hidalgo County Clerks Office
Accepted by: Alma Navarro



**TEXAS DEPARTMENT OF INSURANCE**

**General Counsel Division (113-2A)**
333 Guadalupe, Austin, Texas 78701 ★ PO Box 149104, Austin, Texas 78714-9104
(512) 676-6585 | F: (512) 490-1064 | (800) 578-4677 | TDI.texas.gov | @TexasTDI

July 5, 2017

Douglas E. Pennebaker
Pennebaker Law Firm
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217

> RE: Cause No.: CL-17-2638-D; styled *Roberto Montes Burgos vs. Great Lakes Reinsurance (U.K.) SE, Demian J. Kolb, Brush Country Claims, Ltd, McClelland and Hine, Inc., and Sandra Zamora Insurance Agency, LLC;* in the County Court at Law #4, Hidalgo County, Texas

Greetings:

On June 30, 2017, the enclosed documents were received in the office of the Commissioner of Insurance for service of process.  The documents received are being returned to your office for the reasons indicated below.

**Great Lakes Reinsurance's** mailing address must be noted on the citation.  Please refer to the Texas Administrative Code, Title 28, Chapter 7, Rule §7.1414.  Enclosed is a company profile.

Pursuant to §804.201(C) of the Texas Insurance Code, there is a fee of $50.00, each time a request for service (including notice/demand/subpoena) is made on the Commissioner of Insurance.

Refer to Chapter 804 of the Texas Insurance Code for service of process information.

Please call me if you have questions.

Sincerely,

*Tish Wilhelm*

Tish Wilhelm
General Counsel
tish.wilhelm@tdi.texas.gov
(512) 676-6543

Enclosures

c: Hidalgo County Clerk
   *E-filed*

# EXHIBIT C-12

Electronically Submitted
7/20/2017 3:04 PM
Hidalgo County Clerks Office
Accepted by: Norma Harlow

20020.0008

CAUSE NO. CL-17-2638-D

| | | |
|---|---|---|
| ROBERTO MONTES BURGOS | § | IN THE COUNTY COURT |
| | § | |
| VS. | § | |
| | § | |
| GREAT LAKES REINSURANCE (U.K.) SE, | § | |
| DEMIAN J. KOLB, BRUSH COUNTRY | § | AT LAW NUMBER 4 |
| CLAIMS, LTD., MCCLELLAND AND | § | |
| HINE, INC. AND SANDRA ZAMORA | § | |
| INSURANCE AGENCY, LLC | § | HIDALGO COUNTY, TEXAS |

## DEFENDANT SANDRA ZAMORA INSURANCE
## AGENCY, LLC'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **SANDRA ZAMORA INSURANCE AGENCY, LLC,** Defendant in the above-entitled and numbered cause and reserving the right to file other and further pleadings, exceptions and denials, files this, their Original Answer to Plaintiff's pleadings heretofore filed and would respectfully show the Court and Jury the following, to-wit:

I.

Subject to such stipulations and admissions as may hereinafter be made, Defendant asserts a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and Defendant respectfully requests that Plaintiff be required to prove the charges and allegations made against Defendant by a preponderance of the evidence as is required by the Constitution and laws of the state of Texas and Defendant hereby demands a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon a final hearing hereof, Plaintiff recover nothing of and from Defendant and Defendant receive all costs of Court and such other and further relief, both at law and in equity to which they may show themselves justly entitled.

**EXHIBIT C-13**

Electronically Submitted
7/20/2017 3:04 PM
Hidalgo County Clerks Office
Accepted by: Norma Harlow

Respectfully submitted,

**ADAMI, SHUFFIELD, SCHEIHING & BURNS, P.C.**
9311 San Pedro, Suite 900
San Antonio, Texas 78216
Telephone: (210) 344-0500
Facsimile: (210) 344-7228

By _____
GEORGE C. BURNS
bburns@adamilaw.com
SBN: 03444500

ATTORNEYS FOR DEFENDANT SANDRA ZAMORA
INSURANCE AGENCY, LLC

### CERTIFICATE OF SERVICE

A true and correct copy of the above and foregoing has been forwarded pursuant to the Texas Rules of Civil Procedure on the **21** day of **July**, 2017, to the following:

Douglas E. Pennebaker
PENNEBAKER LAW FIRM
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217

_____
GEORGE C. BURNS

2

CAUSE NO. CL-17-2638-D

| | | |
|---|---|---|
| ROBERTO MONTES BURGOS, | § | IN THE COUNTY COURT |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| **v.** | § | AT LAW NO. 4 |
| | § | |
| GREAT LAKES REINSURANCE | § | |
| (U.K.) SE, DEMIAN J. KOLB, | § | |
| BRUSH COUNTRY CLAIMS, LTD, | § | |
| MCCLELLAND AND HINE, INC., | § | |
| AND, SANDRA ZAMORA | § | |
| INSURANCE AGENCY, LLC | § | |
| **Defendants.** | § | HIDALGO COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

Defendant Great Lakes Insurance SE (formerly known as Great Lakes Reinsurance (UK) SE) ("Defendant") files its original answer and affirmative defenses to Plaintiff Roberto Montes Burgos' ("Plaintiff") Original Petition (the "Petition").

## I. GENERAL DENIAL

Defendant asserts its general denial as authorized by Rule 92 of the Texas Rules of Civil Procedure to the allegations contained in Plaintiff's Petition, and any amendments or supplements thereto, and upon trial of this case will require Plaintiff to prove each and every allegation asserted against it by a preponderance of the evidence, as is required by the laws of this State of Texas and the Constitution of the United States.

## II. AFFIRMATIVE DEFENSES

1.      Plaintiff's claims are barred in whole or in part due to the terms, limitations, restrictions, exclusions, and endorsements contained in and to the Policy that forms the basis of Plaintiff's suit.

**EXHIBIT C-14**

2.      Plaintiff's claims against Defendant are barred under the doctrines of settlement and release.

3.      Plaintiff's claims are barred by the equitable doctrine of waiver.

4.      Plaintiff's claims are barred by the election of rights doctrine.

5.      Plaintiff's claims are barred by the "one satisfaction" doctrine.

6.      Plaintiff's claims are barred by the economic loss rule.

7.      Plaintiff's claims are barred in whole or in part by accord and satisfaction.

8.      Plaintiff's claims are barred in whole or in part by setoff.

9.      Plaintiff failed to mitigate or minimize his alleged damages.

10.     Plaintiff's claims are barred by the statute of frauds.

11.     Plaintiff is not entitled to 18% statutory interest.

12.     Defendant's actions and omissions, if any, respecting the subject matters in the alleged causes of action, and each of them, were undertaken in good faith, with the absence of malicious intent to injure Plaintiff, and constitute lawful, proper, justified means to further the business purposes of Defendant.

13.     Plaintiff's damages, if any, were proximately caused by the acts, omissions, or breaches of other persons and entities, including Plaintiff, and said acts, omissions, or breaches were intervening and superseding causes of Plaintiff's damages, if any.  Defendant asserts its right to comparative responsibility as provided in Chapter 33 of the Texas Civil Practice and Remedies Code and request that the fact finder apportion responsibility as provided in Chapter 33.

14.     Defendant claims all offsets and credits available under Chapter 33 of the Texas Civil Practice and Remedies Code.

15.     Any and all claims alleged by Plaintiff are barred, in whole or in part, to the extent he seeks an improper punitive damages award for an alleged single wrong because such an award would violate Defendant's rights guaranteed by the United States Constitution, including, without limitation, the Due Process and Equal Protection provisions of the Fourteenth Amendment and the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution, and Defendant's rights to the Due Course of Law under the Texas Constitution.

16.     Plaintiff is not entitled to punitive damages, and any and all excessive amounts of such damages sought herein violate Chapter 41 of the Texas Civil Practice and Remedies Code, the Texas Constitution, and the United States Constitution, all of which set limits on the award of punitive damages.

17.     Any award of pre-judgment interest is limited by the dates and amounts as set forth in Chapter 304 of the Texas Finance Code and/or Chapter 41 of the Texas Civil Practice & Remedies Code.

18.     Defendant reserves the right to later amend or add to these affirmative defenses.

### III.    <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Defendant Great Lakes Insurance SE (formerly known as Defendant Great Lakes Reinsurance (UK) SE) respectfully requests the Court enter judgment that Plaintiff takes nothing in his suit, the Court enter an order dismissing Plaintiff's suit with prejudice, Defendant recover its costs and attorneys' fees, and for all other relief to which Defendant may be justly entitled.

Respectfully submitted,

By: */s/ Tiye T. Foley*

**Eddy De Los Santos**
Texas Bar No. 24040790
**Valerie Henderson**
Texas Bar No. 24078655
**Tiye Foley**
Texas Bar No. 24088874
**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ. P.C.**
1301 McKinney Street
Suite 3700
Houston, Texas 77010
(713) 650-9700 - Telephone
(713) 650-9701 - Facsimile

*Attorneys for Defendant Great Lakes
Insurance SE (formerly known as Great
Lakes Reinsurance (UK) SE)*

## CERTIFICATE OF SERVICE

I hereby certify that on July 24th, 2017, a true and correct copy of the foregoing was served on all counsel of record via facsimile and/or e-service pursuant to the Texas Rules of Civil Procedure.

Douglas E. Pennebaker
Willie McAllen
Michael R. De Leon
PENNEBAKER LAW FIRM
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
Tel: (210) 562-2888
Fax: (210) 562-2880

*/s/ Tiye T. Foley*
Tiye T. Foley